IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ORLANDO CORDIA HALL, | ) | |
| | ) | CRIMINAL NO. 4:94-CR-121-Y |
| Movant, | ) | (Civil Case No. 4:00-CV-422-Y) |
| | ) | |
| v. | ) | **CAPITAL CASE** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |

**MOTION TO VACATE CONVICTION AND SENTENCE UNDER 28 U.S.C. § 2255**

Orlando Cordia Hall moves the Court to set aside the judgment against him on Count 6 and order that he be resentenced on all remaining counts in case number 94-CR-121-Y, pursuant to 28 U.S.C. § 2255.  As explained below, Mr. Hall's conviction under 18 U.S.C. § 924(c) must be vacated in light of the Supreme Court's recent decisions in *Johnson v. United States,* 135 S. Ct. 2551 (2015) and *Welch v. United States,* 136 S. Ct. 1257 (2016).  Contemporaneously with the filing of the instant motion, Mr. Hall is moving in the United States Court of Appeals for the Fifth Circuit for authorization to file a successive § 2255 motion, and filing in this Court a motion asking that the instant successive § 2255 motion be held in abeyance pending the Fifth Circuit's ruling on his authorization motion.

**INTRODUCTION**

On October 31, 1995, a jury convicted Mr. Hall of one count of kidnapping in which a death occurred (Count 1), conspiracy to commit kidnapping (Count 2), traveling in interstate commerce to promote possession of marijuana with intent to distribute (Count 3), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 6).  The indictment specifically charged Count 6 as the use and carrying of "firearms, during and in relation to a crime of violence, namely, kidnapping, in violation of Title

18, United States Code, Section 1201(a)(1) and conspiracy to commit kidnapping, in violation [of] Title 18, United States Code, Section 1201(c)." Mr. Hall was sentenced to death on Count 1, life in prison on Count 2, and 60 months in prison for both Counts 3 and 6.

On June 26, 2015, the Supreme Court held in *Johnson* that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally void for vagueness.[1] As a consequence, the Court held, the residual clause cannot constitutionally define a "crime of violence" for purposes of the ACCA's sentence-enhancing provisions. *See Johnson,* 135 S. Ct. at 2557. On April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review, such as Mr. Hall's. *Welch,* 136 S. Ct. at 1265.

*Johnson* effectively invalidates Mr. Hall's conviction under Count 6 for using or carrying a firearm during and in relation to a "crime of violence" under § 924(c). Section 924(c) defines "crime of violence" in two ways. The first is the so-called "force" or "elements" clause. The force or elements clause applies to any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The second is what is commonly referred to as the residual clause. This clause specifies that the statute applies to any felony "that, by its nature, involves a substantial risk that

---

[1] 18 U.S.C. § 924(e)(2)(B) defines a "violent felony" as "[a]ny crime punishable by imprisonment for a term exceeding one year . . . that –

(i)     Has as an element the use, attempted use, or threatened use against the person of another, or

(ii)     Is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

physical force against the person or property of another may be used in the course of committing the offense." *Id.* at § 924(c)(3)(B).

The 924(c) residual clause is essentially identical to the ACCA residual clause the Supreme Court deemed unconstitutionally vague in *Johnson. See Johnson,* 135 S. Ct. at 2557. Indeed, federal courts of appeals have applied *Johnson* to invalidate the residual clause of another statute, 18 U.S.C. § 16(b), which is identical to the one in § 924(c).[2] *See United States v. Vivas-Ceja,* 808 F.3d 719, 722 (7th Cir 2015); *Dimayo v. Lynch,* 803 F.3d 1110, 1117-20 (9th Cir. 2015).[3] For that reason, multiple district courts have concluded that after *Johnson*, § 924(c)'s residual clause is also void for vagueness. *See United States v. Lattanaphom,* No. 99-00433 WBS, 2016 WL 393545 (E.D. Cal. Feb. 1, 2016); *United States v. Bell*, No. 15-cr-00258 WHO, 2016 WL 344749 (N.D. Cal. Jan. 28, 2016); *United States v. Edmundson,* No. PWG-13-15, 2015 2015 WL 9311983 (D. Md. Dec. 30, 2015). The same result is compelled here. Because § 924(c)'s residual clause is void for vagueness, it cannot constitutionally define a "crime of violence" for purposes of a § 924(c) conviction.

Without relying on the unconstitutional residual clause, Mr. Hall's conviction under § 924(c) cannot stand because neither kidnapping nor conspiracy to commit kidnapping under 18

---

[2] Like § 924(c)(3), § 16 defines a "crime of violence" as:

    (a)    an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (b)    any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

[3] A panel of the Fifth Circuit reached the same conclusion in *United States v. Gonzalez-Longoria,* 813 F.3d 225 (5th Cir. 2016), which will be reheard *en banc*. *See United States v. Gonzalez-Longoria*, 815 F.3d 189 (5th Cir. 2016).

U.S.C. § 1201 categorically qualifies as a "crime of violence" under the remaining force-or-elements clause.  Under 18 U.S.C. § 1201, for example, a person may accomplish kidnapping without force by "inveigl[ing]" or "decoy[ing]," 18 U.S.C. § 1201(a), neither of which has as an element the use, attempted use, or threatened use of violent physical force.  Because the predicate offenses of kidnapping and conspiracy to commit kidnapping may be accomplished without the intentional use, attempted use, or threatened use of violent physical force, they categorically fail to qualify as "crime[s] of violence," and Mr. Hall's conviction under § 924(c) must fall.

Because § 924(c)'s residual clause is unconstitutional, Mr. Hall's § 924(c) conviction and the death sentence he received (1) violate due process and the Eighth Amendment; (2) violate the laws of the United States and result in a fundamental miscarriage of justice; and (3) were entered in excess of this Court's jurisdiction.  Further, the Supreme Court held in *Welch* that *Johnson*'s rule is substantive and thus applicable retroactively to cases on collateral review.  *Welch*, 136 S. Ct. at 1265.  Thus, Mr. Hall is entitled to relief under 28 U.S.C. § 2255(h)(2) because *Johnson* established a "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).

Accordingly, Mr. Hall asks this Court to grant his § 2255 motion, vacate his § 924(c) conviction and order that he be resentenced on all remaining counts.  Below, Mr. Hall provides additional support for this motion.

## PROCEDURAL BACKGROUND

### A.      Conviction and Sentencing.

On November 22, 1994, Mr. Hall was indicted on six counts: (1) kidnapping, (2) conspiracy to commit kidnapping, (3) possession of marijuana with intent to distribute, (4)

extortion, (5) racketeering, and (6) using or carrying a firearm in relation to a crime of violence. The indictment specifically charged Count 6 as using and carrying "firearms, during and in relation to a crime of violence, namely kidnapping in violation of Title 18, United States Code, Section 1201(a)(1) and conspiracy to commit kidnapping, in violation [of] Title 18, United States Code, Section 1201(c)." Dkt. #15.

On October 31, 1995, a jury convicted Mr. Hall on one count each of kidnapping in which a death occurred (Count 1), conspiracy to commit kidnapping (Count 2), traveling in interstate commerce to promote possession of marijuana with intent to distribute (Count 3), and using and carrying a firearm during and relation to a crime of violence, namely kidnapping and conspiracy to commit kidnapping, in violation of 18 U.S.C. § 924(c) (Count 6). He was sentenced to death on Count 1, life in prison on Count 2, and 60 months in prison for both Counts 3 and 6. *See* Dkt. #593.

### B. Direct Appeal.

Mr. Hall timely appealed. The Fifth Circuit affirmed, and the Supreme Court denied review. *United States v. Hall*, 152 F. 3d 381 (5th Cir. 1998), *cert denied,* 526 U.S. 1117 (1999).

### C. Previous § 2255 Motion.

Following the denial of certiorari, Mr. Hall timely moved for collateral relief under 28 U.S.C. § 2255. This Court denied relief and refused a Certificate of Appealability. *Hall v. United States*, No. 4:00-cv-422-Y, 2004 WL 1908242 (N.D. Tex. Aug. 24, 2004). The Fifth Circuit affirmed, and the Supreme Court denied review. *United States v. Hall*, 455 F.3d 508 (5th Cir. 2006), *cert. denied*, 549 U.S. 1343 (2007).

### D. *Johnson v. United States*.

On June 26, 2015, the Supreme Court issued its decision in *Johnson,* 135 S. Ct. 2551, overruling *Sykes v. United States,* 131 S. Ct. 2267 (2011), and *James v. United States,* 550 U.S.

192 (2007), and holding that the ACCA's residual clause was too vague to provide adequate notice under the Due Process Clause of the Fifth Amendment. As the *Johnson* Court explained, "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges," and, therefore, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson,* 135 S. Ct. at 2557.

### E. *Welch v. United States*.

After *Johnson* was decided, federal prisoners throughout the country sought to challenge ACCA-enhanced sentences, as well as convictions and sentences imposed under materially indistinguishable residual clauses, such as that in 18 U.S.C. § 924(c). This led to conflict over whether *Johnson* announced a new substantive rule that would apply retroactively. On April 18, 2016, the Supreme Court resolved the issue, finding *Johnson*'s rule substantive and thus applicable retroactively to cases on collateral review. *Welch,* 136 S. Ct. at 1265. After *Johnson* and *Welch,* neither Mr. Hall's § 924(c) conviction nor his death sentence can be sustained.

## ARGUMENT

**I.     In light of *Johnson and Welch,* Mr. Hall's § 924(c) conviction cannot be sustained because neither kidnapping nor conspiracy to commit kidnapping under § 1201 qualifies as a "crime of violence."**

After *Johnson and Welch,* Mr. Hall's conviction for using or carrying a firearm during and in relation to a "crime of violence" is void because the predicate offense of kidnapping cannot, as a matter of law, qualify as a "crime of violence" for purposes of § 924(c). As explained below, kidnapping under 18 U.S.C. § 1201 categorically fails to qualify as a "crime of violence" because (1) the unconstitutional residual clause cannot define a valid federal crime and (2) kidnapping does not meet the definition of the force or elements clause.

**A.     Section 924(c)'s residual clause is materially identical to  ACCA's residual clause and therefore is unconstitutionally void for vagueness.**

Section 924(c) defines "crime of violence" in two ways:

> (3) For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The first clause, § 924(c)(3)(A), is known as the force or elements clause. The second, § 924(c)(3)(B), is the residual clause.

The ACCA, 18 U.S.C. § 924(e), provides for an enhanced penalty for those convicted of possessing a firearm after sustaining three or more convictions for, *inter alia*, a "violent felony." The ACCA's definition of "violent felony" includes the residual clause struck down in *Johnson.* The ACCA residual clause held unconstitutional in *Johnson* is materially indistinguishable from that in § 924(c)'s residual clause. The ACCA provides:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) Has . . . as an element the use, attempted use, or threatened use against the person of another, or
>
> *(ii)* Is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added).

Section 924(c)'s residual clause suffers from the same flaws that rendered ACCA's residual clause unconstitutionally vague. As with ACCA's residual clause, § 924(c)'s residual clause "require[s] courts to assess the hypothetical risk posed by an abstract generic version of

the offense," or the so-called "ordinary case." *Welch,* 136 S. Ct. at 1262. "[T]he 'indeterminacy of the wide-ranging inquiry' made the residual clause more unpredictable and arbitrary in its application than the Constitution allows." *Id.* (quoting *Johnson,* 135 S. Ct. at 2557).

The residual clause of § 924(c) not only suffers from the same imprecision as the residual clause of the ACCA that the Supreme Court in *Johnson* deemed unconstitutionally vague, s*ee Johnson,* 135 S. Ct. at 2557, but it is also identical to the "crime of violence" provision in 18 U.S.C § 16(b) that courts of appeals have already found invalid after *Johnson*. *See Vivas-Ceja,* 808 F.3d 719; *Dimayo,* 803 F.3d 1110. For that reason, multiple district courts have concluded that § 924(c)'s residual clause is also void for vagueness after *Johnson. Lattanaphom,* 2016 WL 393545; *Bell*, 2016 WL 344749; *Edmundson,* 2015 WL 9311983. These cases compel the same result in Mr. Hall's case. Because § 924(c)'s residual clause is void for vagueness, it cannot constitutionally define a "crime of violence" for purposes of a § 924(c) conviction.

### 1. *Johnson* expressly overruled the "ordinary case" approach to determining whether a felony qualifies as a "crime of violence."

The Supreme Court began its analysis in *Johnson* by noting that the so-called ordinary case approach mandates the use of a two-step framework to determine whether a crime is a violent felony within the meaning of the ACCA's residual clause. *Johnson,* 135 S. Ct. at 2557, 2562. As the Seventh Circuit described it: "In the first step, the court must determine 'the kind of conduct that the crime involves in the ordinary case' as opposed to the facts on the ground in the defendant's . . . case." *Vivas-Ceja,* 808 F.3d at 721 (quoting *Johnson,* 135 S. Ct. at 2557). The second step also depends on the ordinary case. Specifically, the "court must gauge whether that ordinary case of the crime presents a serious potential risk of physical injury." *Id.*

But this required approach to the ACCA's residual clause "conspire[d] to make it unconstitutionally vague." *Johnson,* 135 S. Ct. at 2557. The first step is problematic, the

*Johnson* Court explained, because too much uncertainty exists about what constitutes the "ordinary case" of a crime. *Id.* "[T]he residual clause offers no reliable way to choose between [] competing accounts of what 'ordinary' . . . involves." *Id.* at 2558. In fact, the Court explained further, statistical analysis of reported cases, Google, and gut instinct are all equally unreliable in identifying the "ordinary case." *Id.* at 2557 (quoting *United States v. Mayer,* 560 F.3d 948, 952 (9th Cir. 2009) (Kozinski, C.J., dissenting from denial of rehearing *en banc*)).

The second step, too, is fatally flawed because even if the "ordinary case" could indeed be determined, there would still be too much "uncertainty about how much risk it takes" before such an "ordinary case" should be deemed sufficiently serious to be categorized as a violent felony. *Vivas-Ceja,* 808 F.3d at 722 (citing *Johnson,* 135 S. Ct. at 2558).

Significantly, the Court's critique of the second step did not turn on the type of risk specified in the ACCA's invalidated residual clause, namely, the "serious potential risk of *physical* injury." Rather, as with the first step, the Court's analysis turned on the shapeless "ordinary case" inquiry: "It is one thing to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined [ordinary case] abstraction." *Johnson,* 135 S. Ct. at 2558. Risk assessment, the Court made clear, is not inherently unconstitutional. *See id.* at 2561. But because risk assessment under the ACCA's residual clause is based not on the facts of the actual case but on the amorphous "ordinary case," the clause is unconstitutionally vague. The indeterminacy, unpredictability, and arbitrariness inherent in the "ordinary case" analysis, the Court held, is simply more than the Due Process Clause can bear. *Id.* at 2558.

*Johnson* thus upended not just the ACCA's residual clause, but the "ordinary case" analysis compelled by such a statutory framework. In other words, the only way to apply the

residual clause is to use the "ordinary case" analysis, and the "ordinary case" analysis is impossible to apply in a constitutional manner.

### 2. For the reasons identified in *Johnson,* § 924(c)(3)(B) also is unconstitutionally vague.

Section 924(c)'s residual clause is functionally the same as the ACCA's invalidated clause. The difference in wording does not affect the constitutional analysis that shows both are void for vagueness.

First, courts regularly equate the ACCA's "violent felony" definition with other statutes defining crimes of violence, including 18 U.S.C. § 16(b), which, as noted above, is identical to § 924(c)(3)(B). *See, e.g., Chambers v. United States,* 555 U.S. 122, 133 n.2 (2009) (Alito, J., concurring) (collecting cases); *Roberts v. Holder,* 745 F.3d 928, 930-31 (8th Cir. 2014) (using both ACCA cases and § 16(b) cases to define the same "ordinary case" analysis).

Second, both the ACCA and § 924(c) require that risk be assessed via the "ordinary case" method. It is this analytical framework that infects both statutes with a due process problem. Thus, it is immaterial that the risk at issue in the ACCA is *risk of injury* while the risk at issue in § 924(c) is the *risk of physical force*.

Under § 924(c), just as under the ACCA, courts must follow the same two-step process. First, the court must envision the "ordinary case" embodied by a particular felony. Second, the court must assess the quantum of risk posed by such an "ordinary case." As courts of appeals have recognized, the shapeless "ordinary case" approach applies to cases under § 16(b) and so that statute's residual clause is void after *Johnson*. *See Vivas-Ceja,* 808 F.3d at 722; *Dimayo,* 803 F.3d at 1116-17. It follows that the same analysis applies to the identical residual clause of § 924(c). *See, e.g., United States v. Fuertes,* 805 F.3d 485, 501 (4th Cir. 2015) (applying the "ordinary case" inquiry to the § 924(c) residual clause). Therefore, § 924(c)'s residual clause,

just like that of § 16(b) and the ACCA, suffers from the "double indeterminacy" the *Johnson* Court held intolerable under the Due Process Clause. *See Edmundson,* 2015 WL 9311983, at **3-4.

Indeed, in the course of litigating *Johnson,* the United States conceded that the residual clauses contained in the ACCA and § 16(b) (and necessarily in the identical § 924(c)) pose the same problem:

> Although Section 16 refers to the risk that force will be used rather than that injury will occur, it is equally susceptible to petitioner's central objection to the residual clause. Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

Supplemental Brief of Respondent United States at 22-23, *Johnson v. United States,* No. 13-7120 2015 WL 1284964 (Mar. 30, 2015). The United States was correct in its analysis, and this Court should hold it to its concession.

In sum, the residual clause of § 924(c), like the ACCA, requires courts to apply "ordinary case" analysis to assess the risk involved in a predicate offense. Because this analysis involves the same flawed steps that brought down the ACCA residual clause, § 924(c)'s residual clause also cannot survive constitutional scrutiny. Therefore, under the due process principles articulated in *Johnson*, § 924(c)'s residual clause cannot be used to support a conviction. Moreover, because kidnapping does not meet the definition of § 924(c)'s elements or force clause, as explained below, Mr. Hall's conviction under § 924(c) must be overturned.

**B.** **Kidnapping does not qualify categorically as a "crime of violence" under the force-or-elements clause of section 924(c) because it may be committed through non-violent means such as "inveigling" or "decoy."**

**1. The categorical approach applies to determining whether an offense qualifies as a "crime of violence" under the force-or-elements clause.**

In determining whether an offense qualifies as a "crime of violence" under the force-or-elements clause of § 924(c), courts must employ the so-called categorical approach. *See Descamps v. United States,* 133 S. Ct. 2276, 2283 (2013). The categorical approach requires that courts "look only to the statutory definitions – *i.e.*, the elements – of a defendant's [offense] and not to the particular facts underlying [the offense].'" *Id.* (citation omitted) . Under this approach, the factfinder must "presume that the conviction rested on nothing more than the least of the acts criminalized." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (citing *Johnson v. United States*, 595 U.S. 133, 137 (2010)). In other words, under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute, including the least culpable conduct, constitutes a "crime of violence." *See, e.g., United States v. Torres-Villalobos,* 487 F.3d 607, 616 (8th Cir. 2007); *see also United States v. Torres-Miguel,* 701 F.3d 165, 167 (4th Cir. 2012). If the most innocuous conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically is not a "crime of violence" statute.

Given this, an offense will qualify as a "crime of violence" under the force clause of § 924(c) only if it has, as an element, the use, attempted use, or threatened use of "*physical force*" against another person. 18 U.S.C. § 924(c)(3)(A) (emphasis added). "Physical force," in turn, has two requirements. First, "physical force" must involve *violent* force – that is, "strong physical force," which is "capable of causing physical pain or injury to another person." *Johnson v. United States,* 559 U.S. 133, 140 (2010). Second, the use of such force "must be

12

intentional, not just reckless or negligent." *United States v. Dixon,* 805 F.3d 1193, 1197 (9th Cir. 2015); *see also Leocal v. Ashcroft,* 543 U.S. 1, 12-13 (2004).

It is not enough that the statute includes some requirement of specific intent, such as the intent to deprive a person of property, or even the intent to cause injury. To qualify as a crime of violence under the "force" or "elements" clause, the statute must have as a required element the intent to use strong physical force.

Applying these standards to Mr. Hall's case requires that this Court vacate his conviction under § 924(c). As detailed below, the predicate offenses for which Mr. Hall was convicted, kidnapping and conspiracy to commit kidnapping under 18 U.S.C. § 1201, categorically fail to qualify as crimes of violence under § 924(c)'s force clause because both may be committed by "inveig[ling]" or "decoy."

### 2. Kidnapping does not require the use or threatened use of violent physical force.

Section 1201(a) defines "kidnapping" to apply to anyone who

> Unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person . . .

18 U.S.C. § 1201(a). Because kidnapping under § 2113(a) may be accomplished through non-physical means, such as by "inveigling" or "decoying," it does not categorically require violent force. *Id.*; *see also United States v. Wills*, 234 F.3d 174, 177 (4th Cir. 2000) ("By its terms, § 1201(a) criminalizes kidnappings accomplished through physical, forcible means and also by nonphysical, nonforcible means."); *Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1127-30 (9th Cir. 2012) (noting that "[t]he federal kidnapping statute has no force requirement"); *United States v. Moreno-Florean*, 542 F.3d 445, 450-52 (5th Cir. 2008) (determining that California kidnapping statute did not include physical force as an element because the crime could be accomplished through non-physical means).

Likewise, the requirement that the kidnapper "hold" the victim for ransom or reward does not categorically require physical force. As the Supreme Court has explained, "the act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical *or mental restraint* for an appreciable period against the person's will and with a willful intent so to confine the victim." *Chatwin v. United States*, 326 U.S. 455, 460 (1946) (emphasis added). Thus, the element of "holding" may be fulfilled through non-forceful means such as "mental restraint." And the victim need not even be aware of the restraint: "[i]f the victim is of such an age or mental state as to be incapable of having a recognizable will, the confinement then must be against the will of the parents or legal guardian of the victim." *Id*. As such, a kidnapper who lures a child across state lines may "seize" and "hold" the child by means of enticement (for example, through toys, games, or other amusement) without any use of physical force, as long as such actions were against the will of the parents or legal guardian. Indeed, a common kidnapping scenario—the kidnapping of a newborn from a hospital—need not involve any "violent" force, because such force would be unnecessary to restrain an infant.

Because kidnapping under § 1201 may be accomplished without the use of any physical force, it does not categorically include "physical force" as an element of the crime, and categorically cannot qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A).

## II. Mr. Hall is entitled to relief under 28 U.S.C. § 2255 because his claim under *Johnson* is cognizable, timely, and satisfies the successive petition requirements of § 2255(h)(2).

### A. Mr. Hall's claim is cognizable under § 2255(a).

A federal prisoner may obtain relief under 28 U.S.C. § 2255(a) if his conviction "was imposed in violation of the Constitution or laws of the United States," or is in excess of this Court's jurisdiction. Mr. Hall's conviction and sentence violate the Due Process Clause of the

14

Fifth Amendment, violate the Eighth Amendment, violate federal law, and exceed this Court's jurisdiction. This Court therefore should grant him relief under § 2255(a).

First, neither kidnapping nor conspiracy to commit kidnapping under 18 U.S.C. § 1201 satisfy § 924(c)'s elements-or-force clause. Second, for all the reasons explained above, Mr. Hall's conviction on Count 6, the § 924(c) charge, violates due process because it depends on the unconstitutionally vague residual clause. Mr. Hall's indictment therefore failed to state an offense under § 924(c), and Mr. Hall now stands convicted of an offense that is no longer criminal as a matter of law.

For both reasons, Mr. Hall's conviction violates the laws of the United States and results in a fundamental miscarriage of justice. This is precisely the type of error that is cognizable under § 2255(a). *See Davis v. United States,* 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice and presents exceptional circumstances' that justify relief under § 2255") (citation omitted).

Third, Mr. Hall's conviction exceeds this Court's jurisdiction because not only did the indictment fail to state a § 924(c) offense, it affirmatively alleged conduct that is outside that statute's reach. That is, Count 6 of the indictment alleged that Mr. Hall used or carried a firearm during or in relation to a crime of violence–*i.e.*, kidnapping and conspiracy to commit kidnapping under 18 U.S.C. § 1201. As explained above, neither offense qualifies as a "crime of violence" for purposes of § 924(c). For that reason, a § 924(c) conviction can never be sustained based on the underlying offense of kidnapping pursuant to § 1201, regardless of the facts of the case.

Because Count 6 is a legal nullity that was entered in excess of this Court's jurisdiction, Mr. Hall's conviction on that count must be vacated. *See United States v. Brown,* 752 F.3d 1344, 1352 (11th Cir. 2014) (a jurisdictional defect exists "when the indictment affirmatively alleges conduct that does not constitute a crime at all because that conduct falls outside the sweep of the charging statute"); *United States v. Barboa,* 777 F.3d 1420, 1423 n.3 (10th Cir. 1985).

**B.      Mr. Hall's motion for relief is timely.**

Section 2255(f) requires that § 2255 motions be filed within a one-year limitations period. That period runs from the latest applicable triggering event. 28 U.S.C. § 2255(f). Among these triggers is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.,* § 2255(f)(3).

The Supreme Court decided *Johnson* on June 26, 2015. Mr. Hall has filed this application within one year of that date. Further, on April 18, 2016, the Supreme Court expressly made *Johnson*'s new rule retroactively applicable to cases on collateral review. *Welch v. United States,* 136 S. Ct. 1257, 1265 (2016). This motion therefore is timely filed.

**C.      Mr. Hall's successive § 2255 motion satisfies the requirements of 28 U.S.C. § 2255(h)(2) because *Johnson* announced a new, previously unavailable rule of constitutional law, and the Supreme Court has made *Johnson* retroactive to cases on collateral review.**

Section 2255(h)(2) imposes a gate-keeping restriction on second or successive motions. Before filing such a motion, the petitioner must obtain permission to do so from the appropriate circuit court of appeals. *See* 28 U.S.C. § 2255(h)(2). The court of appeals must certify that the successive motion contains a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.; see also* 28 U.S.C. § 2244(b)(3)(C).

16

Mr. Hall files this successive § 2255 motion contemporaneously with requesting authorization to do so from the Fifth Circuit under § 2255(h)(2). Along with this § 2255 motion, Mr. Hall has also filed a motion asking this Court to hold it in abeyance pending the Fifth Circuit's decision on his application for certification under § 2255(h)(2). Because Mr. Hall has made a *prima facie* showing that he has satisfied § 2255(h)(2), the Fifth Circuit's certification is anticipated. *See Woods v. United States,* 805 F.3d 1152, 1154 (8th Cir. 2015) (authorizing filing of a successive § 2255 motion to assert a *Johnson* claim); *see also In re Wilson*, 442 F.3d 872, 878 (5th Cir. 2006) (authorizing filing of a successive § 2255 motion to assert an *Atkins* claim.)

Mr. Hall can do more than make out a *prima facie* showing, however. He can demonstrate conclusively that his motion meets all the requirements of § 2255(h)(2) based on *Welch v. United States,* 136 S. Ct. 1257 (2016). There, the Supreme Court itself held that *Johnson* announced a new constitutional rule, that this rule was previously unavailable, and that *Johnson*'s rule is substantive and therefore applies retroactively to cases on collateral review. *See id*. at 1265.

**III. Because Mr. Hall's § 924(c) conviction is unconstitutional, he must be resentenced on all remaining counts.**

Mr. Hall was convicted, *inter alia*, of kidnapping and conspiracy to commit kidnapping (Counts 1 and 2, respectively) and violating § 924(c) (Count 6) in relation to those two counts. The jury returned a death sentence on Count 1. The invalidation of Mr. Hall's conviction on Count 6 requires that he be resentenced on Count 1 as well.

As an initial matter, given the unparalleled need for reliability in capital sentencing, allowing Mr. Hall's death sentence on Count 1 to stand despite the jury's exposure to, and likely consideration of, the invalid count would violate the Eighth Amendment. *See Johnson v. Mississippi,* 486 U.S. 578 (1988). Under the Eighth Amendment, a death sentence may not stand

if it was based in part on an invalid conviction. *See id.* In *Johnson*, the court struck down a death sentence that rested in part on a conviction invalidated after the death sentence was imposed, even though other valid aggravating factors supported the death penalty. *See id.* As the Court explained, "[t]he fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel and unusual punishment gives rise to a special need for reliability in the determination that death is the appropriate punishment in any capital case." *Id.* at 584 (citations and internal quotations omitted).

Because the petitioner's prior conviction in *Johnson v. Mississippi* was invalid, the Court deemed it "apparent that the [prior] conviction provided no legitimate support for the death sentence imposed on petitioner." *Id.* at 586. Equally apparent, the Court said, was "that the use of that conviction in the sentencing hearing was prejudicial." *Id.* And "[e]ven without express argument, there would be a possibility that the jury's belief the petitioner had been convicted of a prior felony would be 'decisive' in the 'choice between a life sentence and a death sentence.'" *Id.* (quoting *Gardner v. Florida,* 430 U.S. 349, 359 (1977)).

The same principles apply here. That is, as articulated in *Johnson v. Mississippi*, there is a constitutionally unacceptable risk in this case that the void § 924(c) conviction influenced one or more jurors to choose the death penalty over a life sentence. Similarly, it cannot be determined with the certitude required by the Eighth Amendment that the jury's consideration of the invalid conviction did not affect its conclusion that Mr. Hall would present a continuing threat of future violent criminal conduct, as the government alleged in support of a death sentence. *See* Special Finding III(A). There is also a constitutionally intolerable risk that the jury's deliberation in connection with the invalid conviction influenced its consideration of statutory aggravating factors II(A) and II(B).

That Mr. Hall's § 924(c) conviction was characterized as "in relation" to kidnapping is another reason to question the reliability of the death sentence on Count 1. Courts have recognized that there are some counts of conviction that are so interdependent that invalidating a conviction on one count requires resentencing on the other count(s). That is because "interdependent offenses result in an aggregate sentence, not sentences which may be treated discretely." *United States v. Miller*, 594 F.3d 172, 180 (3rd Cir. 2010) (describing how judges consider "sentencing packages") (citing omitted). Courts have also concluded that 924(c) convictions and the related crime are "interdependent" even if "technically separate." *United States v. Easterling*, 157 F.3d 1220, 1223 (10th Cir. 1998). Applying these principles here requires resentencing as Count 1 and Count 6 are interdependent and Count 6 is void. Here, the district court, in fact, instructed the jury at the culpability phase that "to find the defendant guilty of Title 18, United States Code, Section 924(c)(1), you must be convinced that the government has proven . . . [t]hat the defendant committed the crime of interstate kidnapping as alleged in Count 1 of the indictment" and that he "knowingly used or carried a firearm during and in relation to the defendant's commission of the crime of interstate kidnapping." Vol. 17:25. As a result, without resentencing there would be an unacceptable risk exists that the jury's consideration of Count 6 had a substantial effect on the sentence it imposed for Count 1.

Moreover, because "it can [not] be ascertained from the record, as it now stands" that Mr. Hall's "sentence on a valid conviction was not affected by a subsequently invalidated conviction on another count of the indictment, [he] must be resentenced on the valid conviction." *Jerkins v. United States*, 530 F.2d 1203, 1204 (5th Cir. 1976). Here, the circumstances of the case compel the conclusion that the invalidated Count 6 had at least some impact on Mr. Hall's

sentence on Count 1, but in all events, because it cannot be ascertained from the record that the invalidated count did *not* impact the sentence on Count 1, resentencing is required.

Finally, Mr. Hall likely was prejudiced even before his case ever reached the jury. When the Department of Justice considered whether to authorize the death penalty against Mr. Hall, it was presented with an indictment alleging not one, but two capital offenses, including a § 924(c) count. Had the Department considered the indictment without the unconstitutional count, it may not have authorized seeking the death penalty against Mr. Hall. For these additional reasons, this Court should vacate Mr. Hall's conviction on Count 6 and his sentence in its entirety, and order that he be resentenced before a jury that does not consider the invalid 18 U.S.C. § 924(c) charge.

As a result of the foregoing, regardless of what standard of harm applies,[4] it is sufficiently probable that they jury's improper conviction on the 924(c) change (Count 6) influenced its death verdict on Count 1. Mt. Hall's sentence must accordingly be vacated.

**CONCLUSION AND PRAYER FOR RELIEF**

For all the reasons set forth above, Mr. Hall respectfully asks this Court to vacate his conviction and sentence on Count 6, the invalid charge under 18 U.S.C. § 924(c). Mr. Hall further requests the following relief:

a)      That this Court vacate his sentence on all the remaining counts and conduct a new sentencing.

---

[4] The implication of holding *Johnson* fully retroactive is that the relevant portions of 18 U.S.C. § 924(c) always have been void for vagueness. Thus, this constitutional flaw, though not yet recognized, in fact existed at the time of Mr. Hall's direct appeal. Because Mr. Hall had no opportunity to raise the claim at that time -- when it would have been reviewed under the harm standard of *Chapman v. California*, 386 U.S. 18 (1967) (constitutional error requires reversal unless the prosecution proves it harmless beyond a reasonable doubt) – Mr. Hall maintains that the error should be reviewed under *Chapman* here. Even if the claim is reviewed under *Brecht v. Abrahamson*, 507 U.S. 619 (1993), relief is required because the record makes plain that the error had a substantial and injurious effect on the verdict.

b)      Any other relief that may be necessary to correct Mr. Hall's invalid conviction and sentence.

c)      In the alternative, that this Court grant him leave to submit a supplemental memorandum of law to support this motion, and schedule a status conference on this motion at the Court's earliest convenience, and order that he be personally present at such conference.

Respectfully Submitted,

/s/  Robert C. Owen
**ROBERT C. OWEN**
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611 312-503-0135 voice
312-503-8977 fax
robert.owen@law.northwestern.edu

**MARCIA A. WIDDER**
Louisiana Bar No. 23367
303 Elizabeth Street, NE
Atlanta, GA 30307
404-222-9202
marcy.widder@garesource.org

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 24th day of May, 2016, a copy of the foregoing Motion to Vacate Conviction Under 28 U.S.C. § 2255 was served via e-mail and by the CM/ECF electronic filing system upon:

Wes Hendrix,
Assistant United States Attorney
wes.hendrix@usdoj.gov

/s/  Robert C. Owen
**ROBERT C. OWEN**
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611 312-503-0135 voice
312-503-8977 fax
robert.owen@law.northwestern.edu