# 16-10670

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**In re: ORLANDO CORDIA HALL**
Movant

**UNITED STATES' RESPONSE IN OPPOSITION TO APPLICATION FOR LEAVE TO FILE A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255**

John R. Parker
United States Attorney

Wes Hendrix
Assistant United States Attorney
Chief, Appellate Division
Texas Bar No. 24041086
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: (214) 659-8600
wes.hendrix@usdoj.gov

Attorneys for Appellee

# STATEMENT REGARDING ORAL ARGUMENT

The sole issue in this matter is whether Hall satisfies the stringent prerequisites established by Congress to authorize a successive collateral attack on a criminal conviction. This Court's precedent makes clear that Hall's application should be denied because it is not based on a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. Rather, it depends on an extension of Supreme Court precedent—the extension of *United States v. Johnson*, 135 S. Ct. 2551 (2015), which invalidated a portion of the Armed Career Criminal Act's definition of "violent felony," to 18 U.S.C. § 924(c)'s definition of "crime of violence." The record and the parties' briefs adequately present the facts and legal arguments relevant to Hall's application. *See* Fed. R. App. P. 34(a)(2)(C). Thus, the United States believes that oral argument would not significantly aid the Court in its decisional process and is unnecessary. *See id.*

If, however, the Court doubts the government's position and considers authorizing Hall's application, the government requests oral argument. It would appreciate the opportunity to answer the Court's questions given that authorization of applications like Hall's could result in hundreds, if not thousands, of collateral attacks litigated in district courts throughout the Fifth Circuit.

# TABLE OF CONTENTS

**Page**

STATEMENT REGARDING ORAL ARGUMENT ...................................i

TABLE OF AUTHORITIES ....................................................................... iv

STATEMENT OF JURISDICTION........................................................... 1

STATEMENT OF THE ISSUE .................................................................. 1

STATEMENT OF THE CASE.................................................................... 1

SUMMARY OF THE ARGUMENT........................................................... 3

ARGUMENT AND AUTHORITIES......................................................... 4

Hall's application must fail because, contrary to the strict limitations Congress has placed on successive Section 2255 motions, it depends on an extension of precedent. ..................................................................... 4

1. Authorization of Hall's successive motion requires that his claim be based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court—not an extension of precedent................................................................... 5

2. *Johnson* and *Welch* address the Armed Career Criminal Act's residual clause, but they so not address or invalidate 18 U.S.C. § 924(c)'s "crime of violence definition ......................................... 7

3. Because Hall's requested relief would require *Johnson's* extension to Section 924(c), his application does not satisfy Section 2255's stringent prerequisites ............................................................. 10

4. In any event, kidnapping under 18 U.S.C. § 1201 (a) constitutes a crime of violence under the "use-of-force" clause of 18 U.S.C. § 924(c)(3)(A)............................................................................. 15

5. The denial of Hall's application is without prejudice to his right to file a new application in the event the law changes ................. 20

CONCLUSION.................................................................................. 20

CERTIFICATE OF SERVICE ............................................................. 21

# TABLE OF AUTHORITIES

**Federal Cases**                                                                 **Page(s)**

*Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001) .................................... 14

*Atkins v. Virginia*, 536 U.S. 304 (2002) ....................................................... 12

*Chatwin v. United States*, 326 U.S. 455 (1946) ............................................... 17

*Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) ........................................... 11

*Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) ........................ 15

*In re Chapman*, No. 16-246 (4th Cir. May 3, 2016) ......................................... 15

*In re Jackson*, 776 F.3d 292 (5th Cir. 2015) ............................................... 5, 11

*In re Johnson*, 334 F.3d 403 (5th Cir. 2003) ............................................ 6, 7, 10

*In re Morris*, 328 F.3d 739 (5th Cir. 2003) .................................................. 14

*In re Neville*, 440 F.3d 220, 221 (5th Cir. 2006) ........................................ 6, 12

*In re Pinder*, 2016 WL 3081954 (11th Cir. June 1, 2016) ............................... 15

*Johnson v. United States*, 559 U.S. 133 (2010) .................................... 16, 18, 19

*Leocal v. Ashcroft*, 543 U.S. 1 (2004) .......................................................... 18

*McCleskey v. Zant*, 499 U.S. 467 (1991) ........................................................ 5

*Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001) ......................... 5

*Roper v. Simmons*, 543 U.S. 551 (2005) ...................................................... 12

**Federal Cases, continued . . .**                                    **Page(s)**

*Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) ........................... 15

*Torres v. Lynch*, 136 S. Ct. 1619 (2016) ....................................... 9

*Tyler v. Cain*, 533 U.S. 656 (2001) ......................................... 12, 14

*United States v. Blackmon*, 209 F. App'x 321 (4th Cir. Dec. 13, 2006) ........... 17

*United States v. Boone*, 959 F.2d 1550 (11th Cir. 1992) ................................. 17

*United States v. Garza-Robles*, 627 F.3d 161 (5th Cir. 2010) ........................... 16

*United States v. Hall*, 152 F.3d 381 (5th Cir. 1998) ........................................ 2

*United States v. Hall*, 455 F.3d 508 (5th Cir. 2006) ..................................... 1, 2

*United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003) ................................... 17

*United States v. Johnson*, 135 S. Ct. 2551 (2015) .................................. 1, 3, 7, 8

*United States v. Lentz*, 383 F.3d 191 (4th Cir. 2004) .................................17, 18

*United States v. Mechor-Mecono*, 620 F.3d 1180 (9th Cir. 2010) ...................... 19

*United States v. Morgan*, 748 F.3d 1024 (10th Cir. 2014) .............................. 19

*United States v. Patino*, 962 F.2d 263 (2d Cir. 1992) ................................... 19

*United States v. Rodriguez–Moreno*, 526 U.S. 275 (1999) ............................... 18

*United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016) .......................... 8, 11, 15

*United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) ........................ 11, 15

**Federal Cases, continued . . .**                                    **Page(s)**

*United States v. Wills*, 346 F.3d 476 (4th Cir. 2003) ................................ 17, 18

*Welch v. United States*, 136 S. Ct. 1257 (2016) ......................................... 3, 7, 8

**Federal Statutes and Rules**

18 U.S.C. § 16 ...................................................................................... 9

18 U.S.C. § 16(b) .................................................................................. 9

18 U.S.C. § 924(c) ................................................................................. 1

18 U.S.C. § 924(c)(3)(B) ..................................................................... 4, 13

18 U.S.C. § 924(e)(2)(B)(ii) ................................................................... 10

18 U.S.C. § 1201(a) ............................................................................. 16

18 U.S.C. § 3559(f)(2) .......................................................................... 19

28 U.S.C. § 2244(3)(A) .......................................................................... 1

28 U.S.C. § 2244(b)(3)(C) ..................................................................... 13

28 U.S.C. § 2244(b)(3)(D) ..................................................................... 13

28 U.S.C. § 2255 ........................................................................... *passim*

28 U.S.C. § 2255(h) ........................................................................... 1, 5

Fed. R. App. P. 34(a)(2)(C) .................................................................... 1

**Federal Sentencing Guidelines** <span style="float:right">**Page(s)**</span>

USSG § 4B1.2(a)(1) ................................................................................... 9

USSG § 4B1.2(a)(2) ............................................................................... 6, 7

## STATEMENT OF JURISDICTION

Hall has applied for leave to file a successive motion under 28 U.S.C. § 2255.  Under, 28 U.S.C. § 2244(3)(A), this Court has jurisdiction to grant or deny the request.

## STATEMENT OF THE ISSUE

To receive circuit-court authorization for a successive collateral attack on a final conviction, the successive motion must be based on either certain newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.  28 U.S.C. § 2255(h).  Applications may not be granted based on a proposed extension of precedent.  Hall seeks authorization of a successive motion based on an argument that *United States v. Johnson*, 135 S. Ct. 2551 (2015), which invalidated a portion of the Armed Career Criminal Act's "violent felony" definition, should apply to criminal convictions under the differently worded "crime of violence" definition under 18 U.S.C. § 924(c).  Should this Court deny Hall's application for failing to meet the prerequisites to successive collateral attacks?

## STATEMENT OF THE CASE

In September 1994, Hall and his co-conspirators kidnapped Lisa Rene, the sixteen-year-old little sister of a drug supplier who failed to deliver after payment.  *United States v. Hall*, 455 F.3d 508, 510-11 (5th Cir. 2006).  They drove her to Arkansas, raped her repeatedly, and buried her alive.  *Id*. at  510-

12. In October 1995, a jury convicted Hall of kidnapping in which a death occurred, conspiracy to commit kidnapping, traveling in interstate commerce to promote possession of marijuana with intent to distribute, and using and carrying a firearm during a crime of violence. *Id.* at 512. By a unanimous vote, the jury recommended the death penalty for the kidnapping conviction. *Id.* The court imposed that penalty, along with life imprisonment for the conspiracy conviction, 60 months for the drug conviction, and 60 months for the firearm conviction. *Id.* at 512 & n.1.

This Court affirmed Hall's conviction and sentence. *United States v. Hall*, 152 F.3d 381, 389-90 (5th Cir. 1998). In May 2000, Hall moved to vacate his conviction under 28 U.S.C. § 2255. *Hall*, 455 F.3d at 512. The district court denied that motion, and this Court denied his application for a certificate of appealability. *Id.* at 513, 524.

On May 24, 2016, Hall filed in the district court a successive motion to vacate his sentence and a motion to hold the motion to vacate in abeyance pending authorization from the Fifth Circuit. *Hall v. United States*, N.D. Tex. No. 4:16-CV-391-Y. On May 25, 2016, Hall filed in this Court an application for authorization to file a successive motion under Section 2255. The government has moved to dismiss Hall's district-court motion to vacate for lack of jurisdiction. It likewise opposes his request for this Court to grant him

authority to file a successive 2255 because he fails to meet the statutorily mandated prerequisites to do so.

**SUMMARY OF THE ARGUMENT**

In *Johnson*, the Supreme Court held that the imposition of "an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court held that *Johnson* announced a new substantive rule with retroactive effect on collateral review because a misapplication of the ACCA subjects a defendant to a minimum of five extra years of imprisonment. *Johnson* and *Welch* have no bearing on Hall's case because Hall, quite simply, is not challenging an ACCA enhancement. Instead, Hall is asking this Court to extend *Johnson* to Section 924(c)(3)(B), a statutory provision outside the ACCA.

This Court's case law and the relevant statutory structure make clear that applications for successive Section 2255 motions based on a proposed extension of precedent must be denied. Whether and to what extent *Johnson* can or should be extended as Hall proposes should occur in a case on direct review, and not an application for leave to file a successive collateral attack. Hall's application must be measured against the constitutional landscape as it stands today, and he may not use this proceeding as a forum to advocate for the adoption of a new constitutional rule. Because Section 924(c)(3)(B)

3

remains constitutional after both *Johnson* and *Welch*, Hall fails to make the requisite showing. In any event, relevant authorities demonstrate that federal kidnapping qualifies as a crime of violence under Section 924(c)'s elements clause, so any invalidation of Section 924(c)(3)(B) would not impact Hall's sentence. As such, this Court should deny Hall's application.

## ARGUMENT AND AUTHORITIES

**Hall's application must fail because, contrary to the strict limitations Congress has placed on successive Section 2255 motions, it depends on an extension of precedent.**

Hall seeks leave to file a successive collateral attack based on the Supreme Court's decisions in *Johnson* and *Welch*. (App. at 3-4.) Hall contends these cases require the Court to authorize his successive motion because "[f]rom *Johnson*, it follows that the nearly identical residual clause of 18 U.S.C. § 924(c)(3)(B) . . . also is unconstitutionally vague." (*Id*.) But, as explained below, *Johnson* and *Welch* do not address, let alone resolve, the constitutionality of 18 U.S.C. § 924(c)(3)(B)'s "crime of violence" definition. Even if they did, the Supreme Court has not addressed whether this arguably new rule applies retroactively to cases on collateral review. Thus, Hall cannot satisfy the requirement that his argument is supported by a new rule of constitutional law made retroactive by the Supreme Court. Rather, his application depends on an extension of precedent, which this Court's case law and the statutory structure prohibit. As such, his application should be denied.

4

**1. Authorization of Hall's successive motion requires that his claim be based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court—not an extension of precedent.**

To respect the finality of convictions, "[t]he barriers to bringing second or successive [habeas corpus] motions are intentionally high." *In re Jackson*, 776 F.3d 292, 294 (5th Cir. 2015); *see also McCleskey v. Zant*, 499 U.S. 467, 492 (1991) (noting that successive federal habeas petitions further "[p]erpetual disrespect for the finality of convictions"). Thus, in order to obtain authorization to file a second or successive habeas application, a movant must make a *prima facie* showing that his application satisfies the requirements of 28 U.S.C. § 2255(h). *Reyes-Requena v. United States*, 243 F.3d 893, 898–99 (5th Cir. 2001). A movant meets the *prima facie* standard "if from the application and its supporting documents, it appears reasonably likely that the application satisfies the stringent requirements for the filing of a second or successive petition." *Id.* at 899 (internal quotation marks omitted). Here, Hall grounds his application on Section 2255(h)(2), which requires him to make a prima facie showing that his claim involves (1) a new rule (2) of constitutional law that was (3) previously unavailable and that (4) has been made retroactive to cases on collateral review. *See* 28 U.S.C. § 2255(h)(2).

The necessary *prima facie* showing is not made when a movant relies on an extension of precedent. In *In re Johnson*, for example, the movant sought

authorization for a successive motion, arguing that Supreme Court cases combined to establish he was entitled to a judge or jury determine the issue of mental retardation beyond a reasonable doubt in a death penalty case. 334 F.3d 403, 404-05 (5th Cir. 2003). This Court denied the application because the alleged new rule had yet to be established: "Johnson's substantive contention fails because neither *Ring* and *Apprendi* nor *Atkins* render the absence of mental retardation the functional equivalent of an element of capital murder which the state must prove beyond a reasonable doubt." *Id.* at 405. Similarly, in *In re Neville*, the Court denied an application for successive authorization because the Supreme Court had not established the alleged new rule. 440 F.3d 220, 221 (5th Cir. 2006). As a result, the Court explained, "[h]e, therefore, cannot satisfy the requirements as set forth by [the Antiterrorism and Effective Death Penalty Act ("AEDPA")] needed to grant authorization to file a successive habeas petition." *Id.*

In light of these limitations, this Court recently rejected a *Johnson*-based application to authorize a successive collateral attack. In *In re Stine*, the movant sought authorization for a successive, *Johnson*-based collateral attack to his sentence, which was based on the career-offender sentencing guideline. Fifth Cir. No. 16-40505. This Court denied authorization because, among other things, "*Johnson* did not address U.S.S.G. § 4B1.2(a)(2)." Order Denying

6

Authorization at 2, Fifth Cir. No. 16-40505 (June 2, 2016). Moreover, the Court explained that disagreement among various courts on whether *Johnson* applies to the Sentencing Guidelines "demonstrates that the Supreme Court has not taken a position." *Id.* Finally, the Court noted that the application must fail because "even if *Johnson* does implicate U.S.S.G. § 4B1.2(a)(2), the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review." *Id.* at 2-3.

In sum, because of the dramatic impact of permitting otherwise final convictions to be challenged anew, Hall must show that existing precedent, not an extension of precedent, provides him a viable basis for relief. *See id.*; *In re Johnson*, 334 F.3d at 404-05.

**2.** ***Johnson* and *Welch* address the Armed Career Criminal Act's residual clause, but they do not address or invalidate 18 U.S.C. § 924(c)'s "crime of violence" definition.**

In *Johnson*, the Supreme Court held that the imposition of "an increased sentence under the residual clause of the Armed Career Criminal Act [of 1984, 18 U.S.C. § 924(e)] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court held that *Johnson* announced a new substantive rule with retroactive effect on collateral review because a misapplication of the ACCA subjects a defendant to a minimum of five extra years of imprisonment.

Both *Johnson* and *Welch* make clear that they are limited to the ACCA's residual clause. *Johnson* invalidated the ACCA's residual clause based on "[t]wo features" that "conspire[d]" to make it vague:  (1) the difficulty of determining how much risk is required, and (2) the application of a risk-based standard to a hypothetical "ordinary case." 135 S. Ct. at 2557, 2558.  The Court emphasized, however, that its ruling should not be understood to raise doubts about (much less invalidate) other laws using similar risk-based language.  *Id.* at 2561.  The Court explained: "The Government and the dissent next point out that dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt. . . . Not at all." *Id.  Welch* reaffirmed this point, emphasizing that *Johnson* "cast no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual defendant engages in a particular occasion.'"  136 S. Ct. at 1261.  Because *Johnson* did not address Section 924(c)(3)(B)'s residual clause, it did not invalidate that clause of its own force.  *See United States v. Taylor*, 814 F.3d 340, 378 (6th Cir. 2016) (Johnson "stressed that its reasoning did not control other statutes that refer to predicate crimes"; rejecting vagueness challenge to Section 924(c)).

Similarly, *Welch*'s retroactivity holding is limited to ACCA cases and is inapplicable to Section 924(c)-based claims like Hall's. *Johnson* has spawned extensive litigation involving two distinct issues. The first concerns its breadth—*i.e.*, the extent to which *Johnson*'s holding invalidates statutory provisions that are similar to the residual clause of the ACCA. *See, e.g.*, 18 U.S.C. § 16(b), 18 U.S.C. § 924(c); U.S.S.G. § 4B1.2(a)(1). The second concerns its temporal reach—*i.e.*, the extent to which *Johnson*'s holding invalidating the ACCA's residual clause applies retroactively on collateral review of ACCA-enhanced sentences. *Welch*'s retroactivity holding answered the second issue by holding that *Johnson* is retroactive. Hall's application implicates the first issue: he argues that *Johnson* invalidates his Section 924(c) convictions. *Welch*'s narrow holding is only that *Johnson* is retroactive in ACCA cases, and therefore, *Welch* offers no support to Hall's argument that *Johnson* applies to Section 924(c)(3)(B).

Finally, the Supreme Court just weeks ago discussed 18 U.S.C. § 16, which has wording similar to Section 924(c). *Torres v. Lynch*, 136 S. Ct. 1619, 1629-30 (2016). The Court did not treat half of that statute, Section 16(b), as unconstitutionally vague in light of *Johnson*. The dissent likewise did not raise any question about Sections 16(b)'s continuing validity. *Id.* at 1637 & n.1.

**3.** **Because Hall's requested relief would require *Johnson*'s extension to Section 924(c), his application does not satisfy Section 2255's stringent prerequisites.**

The Supreme Court simply has not addressed the issues Hall now places before this Court: whether the provision in § 924(c)(3)(B) is unconstitutionally vague and whether, if so, such a holding would apply to cases on collateral review. *Johnson* invalidated the ACCA's residual clause, which defines "violent felony" in relevant part as "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In contrast, Section 924(c)(3)(B) defines "crime of violence" as "offense that is a felony and . . . (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Johnson* did not discuss, let alone hold unconstitutional, Section 924(c)'s definition. As a result, Hall cannot satisfy Section 2255(h)(2)'s requirement that a successive motion be based on a new rule of constitutional law made retroactive by the Supreme Court, and his application must fail. *See In re Johnson*, 334 F.3d at 404-05; *In re Stine*, Order Denying Authorization, Fifth Cir. No. 16-40505 (June 2, 2016).

To be sure, *Johnson*'s reasoning provides an additional basis for challenging differently worded residual clauses in other statutes, and some

10

courts have extended *Johnson* in this manner. *See United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015) ("Applying Johnson's reasoning here, we conclude that 18 U.S.C. § 16(b) is unconstitutionally vague."); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) (same); *but see Taylor*, 814 F.3d at 376 (holding Johnson does not apply to 18 U.S.C. § 924(c)(3)(B)). Although the merits of a challenge to § 924(c)(3)(B) are not before the Court, it should be noted that these decisions cannot support his application for authorization for a successive Section 2255 motion because they were decided on direct appeal (or on a petition for review of an agency determination). In those settings, as opposed to the current procedural posture, it is appropriate for appellate courts to engage in their traditional function of deciding whether to modify or refine precedent.

Hall is pursuing a successive collateral attack on a final judgment and must, therefore, shoulder a far greater burden out of respect for the heightened finality interests at stake. *Jackson*, 776 F.3d at 294 (explaining that Congress, through AEDPA, set higher standards for successive habeas corpus motions). To meet that burden, it is not enough for Hall to argue what the law should be; rather, he must present a claim that is based on what the law is and has been recognized to be. Authorization of a successive motion cannot be based on a possible extension of precedent. Otherwise, the Court would need to

announce a new rule of law for the first time in the defendant's own case, which it cannot do. *Cf. Tyler v. Cain*, 533 U.S. 656, 667 (2001) (holding that the Supreme Court cannot "today" make a new rule retroactive in the defendant's own case for purposes of a successive application).

These limitations led this Court to deny Stine's *Johnson*-based application for successive authorization, and *Stine*'s conclusion was not unique. This Court's decision in *In re Neville* likewise illustrates that arguments in favor of extending Supreme Court precedent are insufficient to authorize a successive collateral attack. 440 F.3d 220 (5th Cir. 2006). Neville sought leave to file a successive petition for writ of habeas corpus, asserting that *Atkins v. Virginia*, 536 U.S. 304 (2002), and *Roper v. Simmons*, 543 U.S. 551 (2005), "made the execution of mentally ill persons unconstitutional." *Neville*, 440 F.3d at 221. The Court, however, found that "[n]o such rule of constitutional law was created." *Id. Atkins* held mentally retarded individuals could not be executed, and *Roper* held juveniles could not be executed. The Court refused to extend those decisions to mentally ill persons and denied authorization to file a successive collateral attack. *Id.*

*Neville* and *Stine* preclude Hall's application. As *Johnson* and *Welch* did not hold the career-offender guideline's residual clause unconstitutional—and as *Atkins* and *Roper* did not hold the execution of the mentally ill

unconstitutional—*Johnson* did not address Section 924(c) separate and apart from the ACCA. Hall's own briefing reveals his reliance on an extension of precedent: "From *Johnson,* **it follows that** the nearly identical residual clause of 18 U.S.C. § 924(c)(3)(B) . . . is also unconstitutionally vague." (App. at 3-4) (emphasis added). Moreover, Hall has pointed to no Supreme Court case extending *Johnson* in the manner he now suggests. Therefore, as this Court in *Stine* and *Neville* refused to extend precedent to authorize a successive Section 2255 motion, this Court should deny Hall's request to extend *Johnson* to Section 924(c) to authorize his successive collateral attack.

The statutes regulating successive Section 2255 motions support this conclusion. Acting in their gatekeeping capacity, the courts of appeals are not asked to conduct a plenary merits review in these cases. Instead, they need only decide whether the defendant has made a "prima facie showing" that his claim satisfies one of two narrow sets of statutory criteria. 28 U.S.C. § 2244(b)(3)(C). And in making that determination, Congress has imposed strict procedural limitations: the proceedings are truncated, often non-adversarial, and subject to expedited disposition. *See* 28 U.S.C. § 2244(b)(3)(D). The 30-day time frame for decision in particular is evidence that Congress generally intended the courts of appeals, acting as gatekeepers, to make a quick up-or-down determination after comparing the defendant's

allegations to the statutory conditions for authorization without the need to undertake difficult legal analysis. *See Ashley v. United States*, 266 F.3d 671, 673 (7th Cir. 2001) (explaining that "[s]hortness of time" for resolving successive applications "implies a mechanical process; all the court need do is look up an answer in the United States Reports"); *Tyler*, 533 U.S. at 664 (AEDPA's "stringent time limit" means that the courts of appeals should not have to undertake "the difficult legal analysis that can be required to determine questions of retroactivity in the first instance"). Accordingly, when an application depends on the extension of precedent, as Hall's does, rather than its application, authorization should be denied.[1]

Circuit courts that have considered whether to grant leave to file a successive Section 2255 based on *Johnson*'s applicability to Section 924(c)(3)(B) have reached different results under varied circumstances. Relying on the government's arguments about the limits on successive Section 2255s and *Neville*, the First Circuit recently denied, after oral argument, an application for a successive Section 2255 motion under *Johnson* challenging a Section 924(c) conviction. *Turner v. United States*, No. 16-1145, (1st Cir. May 4, 2016).

---

[1] That is not to say that a defendant must make a conclusive showing of his entitlement to relief before he may obtain authorization; he does not. As an example, the existence of a disputed factual issue that bears on whether an existing rule of law plausibly applies to a given defendant would not categorically bar the Court from granting authorization. *See In re Morris*, 328 F.3d 739, 741 (5th Cir. 2003). But when the dispute concerns the very existence of the rule of law upon which the application is based, then authorization should be denied because courts cannot articulate new rules of law in these proceedings.

Although the First Circuit has not ruled yet on the merits of whether *Johnson* invalidates Section 924(c)(3)(B), the First Circuit correctly concluded that successive Section 2255 motions may not be authorized for Section 924(c) challenges under present law.  Indeed, the only circuit specifically to rule on Section 924(c)(3)(B)'s validity after *Johnson* has rejected such an extension. *See United States v. Taylor*, 814 F.3d 340, 376-79 (6th Cir. 2016).  Other circuits have granted leave to bring successive collateral attacks, but they did so without the benefit of full briefing.[2]  But none of those decisions examined the merits of whether *Johnson* applied to Section 924(c)(3)(B), as the statutory structure and this Court's precedent requires.  Nor do they alter the conclusion that this Court's precedent, like *In re Neville* and *In re Johnson*, preclude relief.

4. **In any event, kidnapping under 18 U.S.C. § 1201(a) constitutes a crime of violence under the "use-of-force" clause of 18 U.S.C. § 924(c)(3)(A).**

Hall argues that kidnapping does not qualify under the "use-of-physical-force" clause of Section 924(c)(3)(A) because it can be accomplished by one who decoys or inveigles his victim, and thus does not require the use,

---

[2] *See In re Pinder*, No. 16-12084, __ F.3d. __, 2016 WL 3081954 (11th Cir. June 1, 2016) (granting leave to file a successive motion, but doing so without the benefit of a response from the United States addressing § 924(c)(3)(B)); *In re Chapman*, No. 16-246, (4th Cir. May 3, 2016) (granting leave to file a successive motion, but doing so without the benefit of a response from the United States); *Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) (granting leave to file successive motion when the United States did not oppose leave); *see also Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (granting leave to file successive motion, in part, because of its decision in *Vivas-Ceja*, 808 F.3d at 723).

attempted use, or threatened use of "violent force," which is the level of "physical force" required pursuant to *Johnson v. United States*, 559 U.S. 133 (2010). In *Johnson*, the Court held that the phrase "physical force," for the purposes of ACCA's elements clause, is "force capable of causing physical pain or injury to another person." *Id.* at 140. Kidnapping satisfies Section 924(c)(3)(A)'s elements clause, so Hall's attempt to invalidate Section 924(c)(3)(B) cannot impact his Section 924(c) conviction.

An offense is committed under the kidnapping statute when the defendant "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof" and that action impacts interstate or foreign commerce in any number of enumerated ways. *See* 18 U.S.C. § 1201(a). To establish this offense, the government must show: "(1) the transportation in interstate [or foreign] commerce, (2) of an unconsenting person who is, (3) held for ransom or reward or otherwise, (4) such acts being done knowingly and willfully." *United States v. Garza-Robles*, 627 F.3d 161, 166 (5th Cir. 2010).

While a victim may be inveigled or decoyed through deceit rather than force, case law instructs that the non-consensual holding requirement necessarily requires the exercise of violent force or the threat thereof, as

contemplated by *Johnson*. In the context of this statute, the Fourth Circuit has explained that "to hold means to detain, seize, or confine a person in some manner against that person's will." *United States v. Wills*, 346 F.3d 476, 493 (4th Cir. 2003); *see United States v. Blackmon*, 209 F. App'x 321, 325 (4th Cir. Dec. 13, 2006) (unpublished) (acquittal under Section 1201(a) only warranted if jury found that defendant mistakenly believed victim consented to being "held"); *United States v. Higgs*, 353 F.3d 281, 313 (4th Cir. 2003) (rejecting challenge to the "holding" element where the evidence supported the conclusion that the kidnapper "was prepared to confine [his inveigled victims] at gunpoint if necessary"). *See also United States v. Boone*, 959 F.2d 1550, 1555 n.5 (11th Cir. 1992) (noting that "inveiglement becomes an unlawful form of kidnapping under the statute when the alleged kidnapper interferes with his victim's actions, exercising control over his victim through the willingness to use forcible action should his deception fail").

Further, the Supreme Court has found that "[i]t is this 'involuntariness of seizure and detention which is the very essence of the crime of kidnaping.'" *See United States v. Lentz*, 383 F.3d 191, 200 (4th Cir. 2004), quoting and citing *Chatwin v. United States*, 326 U.S. 455, 460 (1946). In order to hold a victim against his or her will, then, the alleged kidnapper must use, attempt to use, or threaten to use force necessary to restrain that individual. In other words,

because the federal kidnapping statute requires an "involuntar[y] . . . seizure and detention," *Lentz*, 383 F.3d at 200, and requires that the victim be detained, seized, or confined "against that person's will," *Wills*, 346 F.3d at 493, the federal kidnapping offense involves the use, attempted use, or threatened use of force. Kidnapping victims cannot be held against their wills by kidnappers without at least a threatened use of force. Thus, it is no surprise that the Supreme Court easily recognized, while discussing a separate issue, that kidnapping qualifies as a crime of violence under Section 924(c). *See United States v. Rodriguez–Moreno*, 526 U.S. 275, 281 (1999) (explaining that, for the government to prove a Section 924(c) offense based on kidnapping, it must prove "that he committed all the acts necessary to be subject to punishment for kidnaping (a crime of violence) in a court of the United States, and that he used the gun 'during and in relation to' the kidnaping").

Moreover, the Supreme Court has observed that "a person would 'use . . . physical force against' another when pushing him," *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004), and in the context of discussing batteries, the Court has defined force in terms of what it was "capable of causing" – namely, "physical pain or injury to another person." *Johnson*, 559 U.S. at 140. Federal kidnapping's requirement of detaining a person against that person's will fits within that understanding of physical force and is a "force strong enough to

constitute 'power.'" *Johnson*, 559 U.S. at 142. *Cf. United States v. Mechor-Mecono*, 620 F.3d 1180, 1186 (9th Cir. 2010) (placing another in fear of being poisoned necessarily involves threatening to force the poison on the victim).

None of the authority cited by Hall indicates otherwise, as none of the cases address whether federal kidnapping satisfies Section 924(c)'s crime-of-violence definition. (See Motion at 13.) Nor does Hall address the fact that the Second and Tenth Circuits have held that kidnapping involves the threatened use of physical force against a person and is thus a crime of violence under Section 924(c). *United States v. Morgan*, 748 F.3d 1024, 1035 (10th Cir. 2014); *United States v. Patino*, 962 F.2d 263, 267 (2d Cir. 1992). Moreover, Hall's argument is undermined by other statutory provisions demonstrating that Congress views kidnapping as a crime of violence. *See* 18 U.S.C. § 3559(f)(2) (providing that "if the crime of violence is kidnapping (as defined in section 1201])" the offender shall "be imprisoned for life or any term of years not less than 25"). Thus, Section 1201(a) plainly falls within the ambit of Section 924(c)(3)(A), and Hall's application must fail because any invalidation of Section 924(c)(3)(B) would not impact his conviction.

**5.    The denial of Hall's application is without prejudice to his right to file a new application in the event the law changes.**

If the Supreme Court (1) applies *Johnson* to § 924(c)(B)(3), (2) concludes that the provision is unconstitutionally vague, and (3) holds that its ruling is retroactive, then Hall may seek this Court's permission to file a successive § 2255 motion.  Unless and until those things occur, however, Hall's application is premature, and he has failed to make the requisite *prima facie* showing of possible merit in the district court.

## CONCLUSION

This Court should deny Hall's application because it is clear as a matter of law, from both *Johnson*'s holding and its express disavowal of an intent to cast doubt on the constitutionality of other statutes, that Hall's identified constitutional rule—*i.e.*, *Johnson*'s rule invalidating the ACCA's residual clause—does not apply to Hall's situation because he is not challenging an ACCA-enhanced sentence.  There may be reasonable arguments why the *Johnson* rule should be extended to a situation like Hall's, but that is insufficient to justify a successive collateral attack under the limits placed by Congress.

Respectfully submitted,

John R. Parker
United States Attorney

*/s/ Wes Hendrix*
Wes Hendrix
Assistant United States Attorney
Chief, Appellate Division
Texas Bar No. 24041086
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: (214) 659-8600
wes.hendrix@usdoj.gov

Attorneys for Appellee

## CERTIFICATE OF SERVICE

I certify that this document was served on Hall's attorney, Robert C. Owen, through the Court's ECF system on June 10, 2016, and that: (1) any required privacy redactions have been made; (2) the electronic submission is an exact copy of the paper document; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/ Wes Hendrix*
Wes Hendrix