# EXHIBIT B
Unpublished decisions
cited in proposed Reply

FILED

JUN 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT SHERMAN BERRY, a.k.a. Jim Preston,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 16-71332<br><br>D.C. No. 2:96-cr-00259-WFN<br>Eastern District of Washington, Spokane<br><br>ORDER |

Before:     REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Petitioner's application for authorization to file a second or successive 28 U.S.C. § 2255 motion makes a prima facie showing under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The application is granted. *See Welch v. United States*, 136 S. Ct. 1257, 1264-68 (2016) (*Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review).

The Clerk shall transfer the section 2255 motion filed on May 6, 2016, to the United States District Court for the Eastern District of Washington. The motion shall be deemed filed in the district court on May 3, 2016, the date on which it was delivered to prison authorities for forwarding to this court. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 270 (1988). The district court may wish to

stay proceedings pending this court's decision in 14-10080, *United States v. Begay.*

The Clerk shall serve this order directly on the chambers of the Honorable Wm. Fremming Nielsen.

The Clerk shall send an electronic courtesy copy of this order to Andrea K. George, Federal Defenders of Eastern Washington and Idaho, 10 North Post, Suite 700, Spokane, WA 99201, for informational purposes.

Upon transfer of the motion, the Clerk shall close this original action in this court.

No further filings will be entertained in this case.

# 16-71332

Docket No._____

omar 5|6|16

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**MAY 06 2016**

FILED_____
DOCKETED 05|06|16 OC
DATE          INITIAL

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

United States of America,

Respondent

vs.

Robert Sherman Berry,

Applicant.

On Application for Authorization to

File a "Second" 28 USC § 2255 Motion

in the United States District Court

for the Eastern District of Washington

APPLICATION FOR CERTIFICATION OF 28 USC § 2255 MOTION

Robert S. Berry, Pro se

No. 09031-085

United States Penitentiary

P.O. Box 019001

Atwater, CA 95301

JURISDICTION

The original jurisdiction of the United States Court of Appeals for the Ninth Circuit is invoked under 28 USC section 2255(h).

INTRODUCTION

Robert Sherman Berry (Berry) seeks this Court's authorization to pass the 28 USC § 2255(h)(2) gateway with a "second" § 2255 motion claim that in light of Johnson v. United States, 135 S.Ct. 2551 (2015) his four 18 USC § 924(c) convictions are unconstitutional, because (1) the predicate statutes no longer qualify as "crimes of violence," and (2) Ninth Circuit case law permitting directed verdicts of § 924(c) is abrogated.

PETITION FOR AUTHORIZATION*

I.   TRIAL PROCEEDINGS

    A.   <u>Statutes Of Conviction:</u>

        1.   Upon original trial

| Count 1 | 18 USC § 371 | Conspiracy |
| Count 10 | 18 USC § 2312 | Transporting Stolen Vehicle |
| Count 11 | 18 USC § 2312 | Transporting Stolen Vehicle |
| Count 12 | 26 USC § 5861(d) | Possessing Untaxed Grenades |

---

*This Application conforms with Ninth Circuit Rule 22-3(a).

2.   Upon re-trial

| Count S2 | 18 USC § 844(i) | Malicious Damage/Destruction |
| Count S3 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S4 | 18 USC § 2113(a)&(d) | Armed Bank Robbery |
| Count S5 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S6 | 18 USC § 844(i) | Malicious Damage/Destruction |
| Count S7 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S8 | 18 USC § 2113(a)&(d) | Armed Bank Robbery |
| Count S9 | 18 USC § 924(c) | Firearm in Crime of Violence |

B.   <u>Trial Disposition</u>

Berry and his two codefendants were convicted in the original jury trial of counts 1, 10, 11 (to which they testified and admitted) and 12; the jury was unable to reach a verdict on counts 2-9. Upon a re-trial Berry (with codefendants) was convicted of Counts S2-S9.

C.   <u>Court of Conviction</u>

The District Court for the Eastern District of Washington, at Spokane, Case Number 2:96-cr-00259-WFN

D.   <u>Date of Conviction</u>

November 4, 1997

E.   <u>Sentence</u>

Two consecutive life terms plus 71 years and 10 months

II.   PREVIOUS POST-CONVICTION PROCEEDINGS

A.   Convictions Challenged On Previous § 2255 Motions

    1. Berry has filed (or attempted to file), under § 2255, three previous motions,

    2. all challenging his convictions upon—

| Count 1 | 18 USC § 371 | Conspiracy |
|---|---|---|
| Count S2 | 18 USC § 844(i) | Malicious Damage/Destruction |
| Count S3 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S4 | 18 USC § 2113(a)&(d) | Armed Bank Robbery |
| Count S5 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S6 | 18 USC § 844(i) | Malicious Damage/Destruction |
| Count S7 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S8 | 18 USC § 2113(a)&(d) | Armed Bank Robbery |
| Count S9 | 18 USC § 924(c) | Firearm in Crime of Violence |

(Stolen vehicle & untaxed grenade counts not challenged)


B.   History Of First Motion Filed Under § 2255—

    1. (a) in the United States District for the Eastern District of Washington,

    (b) case no: CV-07-211-WFN,

    (c) on 06/21/07 (per Mailbox Rule) (docketed 07/02/07) docket nos. ECF #343 (§ 2255 motion), ECF #344 (Memorandum in Support).


    2.   The motion raised two Grounds for relief*

---

*To minimize wasting the Court's time, and in light the purpose of listing these previous motion grounds here, I abbreviate each to its "claim type".

based on newly discovered facts supporting Berry's due process violation claims:

GROUND ONE: Perjured Testimony Of An FBI Scientist.

GROUND TWO: New Evidence Of False Testimony, by reckless introduction of junk science.

    3.   <u>Disposition Of First Motion Filed Under § 2255</u>

    (a) Motions for evidentiary hearing, discovery and counsel were not addressed,

    (b) the District Court "treated" the motion as a "motion for a new trial," denied it under Fed. R.Crim.P.33's "five part test;" denied a COA,

    (c) on November 27, 2007, ECF #349.

    (d) Berry appealed. The Ninth Circuit granted a COA; it affirmed the District Court—including its conversion of the § 2255 motion into a Rule 33 motion—in a published opinion. <u>United States v. Berry</u>, 624 F.3d 1031 (9th Cir 2010). Petitions for rehearing <u>en banc</u>, and for <u>certiorari</u> in the Supreme Court were denied.

C.   <u>History Of Second ("Legally First") § 2255 Motion</u>--

    1.(a) filed in the Ninth Circuit 09/12/11 concomitantly with a § 2255(h) petition (case no. 11-72713), arguing the petition should be denied as unnecessary because Berry's first motion had been shanghaied to Rule 33; the Ninth Circuit agreed and transferred the new motion--

(b) to the United States District Court for the Eastern District of Washington,

(c) case no. CV-11-0429-WFN-1,

(d) on December 14, 2011 ECF #412.

2.(a) The "legally first" § 2255 motion was based on newly discovered <u>Brady</u>, <u>Giglio</u> and <u>Napue</u> claims,

(b) raising two grounds for relief:

GROUND ONE: <u>Brady</u>/<u>Giglio</u>/<u>Napue</u> claim. Arising from suppression of promise to pay Loren Berry money.

GROUND TWO: <u>Brady</u>/<u>Giglio</u> claim. Arising from failure to disclose CABL junk science.

3. <u>Disposition Of "Legally First" § 2255 Motion</u>.

(a) Motions for an evidentiary hearing, and for discovery and counsel were denied.

(b) The district court denied the motion. It held the motion was untimely (lack of diligence) or the Brady violations were immaterial; and denied a COA. (ECF #428),

(c) on April 26, 2012.

(d) Berry appealed. The Ninth Circuit denied a COA 10/19/12; denied petition for rehearing 11/19/12. The Supreme Court denied certiorari.

D. <u>History Of Third ("Third In Time") § 2255 Motion</u>—

1.(a) filed in the United States District Court for the Eastern District of Washington, concomitantly with a

request for declaratory judgement that—because the § 2255 motion was based on previously undiscoverable <u>Brady</u>, and <u>Brady</u>-related claims—it was exempt from § 2255(h) requirements,

        (b) case number CV-13-056-WFN,

        (c) on February 4, 2013, docket no. ECF #441.


    2.(a) The "third-in-time" motion was based on a 2012 affidavit of key government witness Loren Berry, admitting to being provided numerous inducements to give misleading trial testimony, and to lie about his motive to testify.

    (b) raising twenty-two claims of constitutional violations arising from deliberate prosecutorial misconduct:

GROUND ONE: Deliberate violation of <u>Brady</u>.

GROUND TWO: Deliberate violation of <u>Brady</u>.

GROUND THREE: Deliberate violation of <u>Agurs</u>/<u>Brady</u>.

GROUND FOUR: Deliberate violation of <u>Giglio</u>/<u>Napue</u>.

GROUND FIVE: Multiple deliberate violations of <u>Brady</u>.

GROUND SIX: Deliberate violation of <u>Brady</u>.

GROUND SEVEN: Multiple deliberate violations of <u>Brady</u>.

GROUND EIGHT: Deliberate violation of <u>Agurs</u>/<u>Brady</u>.

GROUND NINE: Deliberate violation of <u>Napue</u>.

GROUND TEN: Deliberate violation of <u>Brady</u>.

GROUND ELEVEN: Fraud on the court by AUSA Rice.

GROUND TWELVE: Deliberate violation of <u>Agurs</u>.

GROUND THIRTEEN: Deliberate violation of Sixth Amendment
      under <u>Davis</u>.

GROUND FOURTEEN: Deliberate violation of <u>Napue</u>.

Application page -7-

GROUND FIFTEEN: Deliberate violation of Giglio/Napue and Alcorta.

GROUND SIXTEEN: AUSA Harrington violated Agurs by lying to the jury.

GROUND SEVENTEEN: AUSA Rice violated Agurs/Giglio and Mooney by lies to the jury.

GROUND EIGHTEEN: AUSA Rice violated Brady and Berger by deliberately misleading the jury.

GROUND NINETEEN: Deliberate violation of Sixth Amendment under Davis.

GROUND TWENTY: Deliberate violation of Sixth Amendment under Davis.

GROUND TWENTY-ONE: Deliberate violation of Bowie/Berger.

GROUND TWENTY-TWO: Flagrant misconduct infected the entire trial.

 

    3.    Disposition Of "Third-In-Time" § 2255 Motion.

    (a) Motions for an evidentiary hearing, and for discovery and counsel were denied,

    (b) The district court denied the request for declaratory judgment without addressing its argument, dismissed the § 2255 motion, and denied a COA on both the § 2255 motion and the request for declaratory judgment,

    (c) on March 4, 2013 (ECF #443).

 

    (d) Berry appealed, arguing § 2255's COA requirement does not apply to requests for declaratory judgment. The Ninth Circuit denied a COA.

III. BERRY'S CURRENT § 2255 MOTION TO VACATE

    A.    <u>Convictions Challenged On The Current § 2255 Motion</u>

    1.    Berry's proposed "second or successive" (SOS) § 2255 motion is filed in the Ninth Circuit Court of Appeals, as an attachment to this Petition for Authorization under § 2255(h)(2),

    2.    challenging his conviction and sentence upon--

| Count S3 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S5 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S7 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S9 | 18 USC § 924(c) | Firearm in Crime of Violence |

    3.    Berry asserts, on two grounds, that his sentence is constitutionally infirm and cannot stand:

GROUND ONE: In light of intervening authority promulgated by the Supreme Court in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), Berry's convictions were imposed in violation of his Fifth Amendment right to due process by the court erroneously categorizing as "crimes of violence" the statutes upon which his § 924(c) convictions are predicated.

FACTS: At Berry's trial the court instructed the jury— before the jury decided upon a single fact: "You are instructed that malicious destruction of property in interstate commerce and bank robbery are crimes of violence."

GROUND TWO: The district court's instruction that an essential element of the offense was met for each § 924(c) count—an incorrect instruction in light of Johnson—directed

guilty verdicts in violation of Berry's Fifth Amendment right to due process and Sixth Amendment right to trial by jury.

BRIEF SUMMARY OF ARGUMENT: (1) After Johnson, 135 S.Ct 2551 (2015), and Dimaya v. Lynch, 803 F.3d 1110 (9th Cir 2015), the 18 USC § 924(c)(3)(B) residual clause cannot stand, see e.g. United States v. Lattanaphom, 2016 U.S. Dist. Lexis 12368 (E.D. Ca. Feb 2, 2016); (2) the entire line of Ninth Circuit sentence-enhancement case law that permitted the court to direct guilty verdicts on Berry's § 924(c) charges, is expressly constructed upon the § 924(c)(3)(B) residual clause, see United States v. Springfield, 829 F.2d 860 (9th Cir 1987), and its progeny; therefore that line of case law cannot stand; and (3) the directed guilty verdicts based on that case law, upon which Berry is confined, cannot stand.

    B.    These claims were not previously raised because,

    C.    they rely on new, previously unavailable law.

    D.    The claims do not rely on newly discovered evidence,

    F.    they do establish federal constitutional error.

    G.    <u>Authorization To File This Second § 2255 Motion Is Appropriate Because It Meets Each Requirement Of §§ 2255(h)(2) and 2244</u>

    1.    <u>The § 2255(h)(2) Requirements</u>

(a) Passing the § 2255(h)(2) gateway requires that a proposed motion rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

Court, that was previously unavailable." 28 USC § 2255(h)(2).

(b) Berry relies on the rule announced in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015).

## 2. <u>Johnson Announced A Qualifying New Rule</u>.

(a) Johnson promulgated a new, previously unavailable rule. The Supreme Court itself has declared that "It is undisputed that <u>Johnson</u> announced a new rule." <u>Welch v. United States</u>, 2016 BL 120401, p 79 (04/18/2016), at 81. The rule was previously unavailable; from the time Berry's conviction became final in 1998, through the time his most recent collateral attack attempt failed in 2013, <u>Johnson</u>'s 2015 holding was explicitly foreclosed by Supreme Court precedent. <u>See</u> <u>James v. United States</u>, 550 US 192, 210 n.6 (2007); <u>Sykes v. United States</u>, 131 S.Ct. 2267, 2277 (2011). Because the Supreme Court's holding in <u>Johnson</u> required it to expressly overrule its own previously binding "contrary holdings in <u>James</u> and <u>Sykes</u>," <u>Johnson</u>, 135 S.Ct. at 2563, Berry's claim was clearly previously unavailable.

(b) <u>Johnson</u>'s new rule is constitutional law. In <u>Johnson</u>, the Supreme Court held that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." <u>Johnson</u> at 2563. Therefore the rule is clearly constitutional.

(c) The US Supreme Court has made <u>Johnson</u> retroactive, holding that, "Johnson announced a substantive rule that has retroactive effect on cases on collateral review." <u>Welch v. United States</u>, 2016 BL 120401 at 83.

3.  The § 2244 Requirement For Prima Facie Showing

For Berry to make the "prima facie showing that his application satisfies the § 2255(h) gateway requirements," 28 USC § 2244(b)(3)(C) incorporated at 28 USC § 2255(h), "the requirement is not that [he] must establish the merits of his § 2255 motion at this [—the authorization—] stage." Hertz & Liebman, 2 Federal Habeas Corpus Practice & Procedure §28.3[d] (6th ed.)(issues bearing on the merits of the proposed claim, including procedural issues, are "irrelevant" at authorization stage). Berry needs to (1) show that the rule he relies on qualifies under § 2255(h)(2), and (2) show that he states a claim under that rule. Id., also see Bible v. Schriro, 651 F.3d 1060, 1064 n.1 (9th Cir 2011)("A prima facie showing is a sufficient showing of possible merit to warrant a fuller exploration by the district court, and we will grant an application for an SOS petition if it appears reasonably likely that the application satisfies the stringent requirements for the filing of a second or successive petition"); and Goldblum v. Klem, 510 F.3d 204, 219 & n.9 (3d Cir 2007)(the "showing of possible merit" required for authorization "does not refer to the merits of the claims asserted in the petition [but rather] to the merits of a petitioner's showing with respect to the [gatekeeping requirements]").

4.  Berry's Prima Facie Showing

(a) As shown above, Johnson's rule clearly qualifies under § 2255(h)(2).

(b) Berry's motion, relying on the invalidity of the § 924(c) residual clause, does not fail to state a claim.

(i) Berry's contention that the invalidation of the 18 USC § 924(e)(2)(B)(ii) residual clause by <u>Johnson</u> also necessarily invalidates the § 924(c)(3)(B) residual clause has support; for example, several courts have ruled that <u>Johnson</u> compels the conclusion that the § 924(c)(3)(B) residual clause is invalid. <u>See</u> <u>United States v. Lattanaphom,</u> 2016 U.S. Dist. Lexis 12368 (E.D. Ca. Feb 2, 2016)(following reasoning of <u>Dimaya v. Lynch,</u> 803 F.3d 1110 (9th Cir 2015) to conclude that "[e]xisting authority in the Ninth Circuit compels this court to extend <u>Johnson</u> to the residual clause of 18 USC § 924(c)"). <u>Also see</u> <u>United States v. Melvin,</u> 621 Fed. Appx. 226, 226-27 (4th Cir. 2015)(finding the § 924(c) residual clause invalid in light of <u>Johnson,</u> because "The § 924(c) residual clause suffers from exactly the same dual indeterminacy that was fatal to the ACC residual clause"); and <u>United States v. Edmundson,</u> 2015 U.S. Dist. Lexis 171007 (D.Md. Dec 30, 2015)(same).

(ii) Circuit courts have granted authorization petitions to file SOS motions attacking § 924(c) convictions relying on <u>Johnson</u>. <u>See</u> e.g. <u>Ruiz v. United States,</u> No. 16-1193 (7th Cir Feb 19, 2016); and <u>Freeman v. United States,</u> No. 15-3687 (2nd Cir Jan 24, 2016).

CONCLUSION

Berry's motion relies on a new rule of constitutional law, and

Application page -13-

states a cognizable claim that under the new rule his § 924(c) convictions involved trial error that violated his Fifth and Sixth Amendment constitutional rights. THEREFORE Berry asks this Court to certify the attached § 2255 motion, and to transfer it to the district court for adjudication.


RESPECTFULLY SUBMITTED

this 3rd day of May, by *Robert S. Berry*

Robert S. Berry, pro se


## NOTICE OF POSSIBLE RELATED CASES

Berry was has two codefendants who are probably filing § 2255(h)(2) petitions on the same grounds:

Charles H. Barbee, D.C. No. CR-96-00258-WFN

Brian E. Ratigan, D.C. No. CR-97-0066-1-WFN


## CERTIFICATE OF SERVICE

I, Robert S. Berry, declare under penalty of perjury that I placed a true and correct copy of the foregoing § 2255(h)(2) petition, with § 2255 motion attached, in the Inmate Legal Mail System at USP Atwater, first class postage pre-paid, addressed to:

Joseph H. Harrington

Assistant U.S. Attorney

P.O. Box 1494

Spokane, WA 99210

EXECUTED this 3rd day of May, 2016 by *Robert S. Berry*

Robert S. Berry

Application page -14-

Docket No._____

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

United States of America,

Respondent

vs.

Robert Sherman Berry,

Applicant.

On Application for Authorization to
File a "Second" 28 USC § 2255 Motion
in the United States District Court
for the Eastern District of Washington

ATTACHMENT

Robert S. Berry, Pro se

No. 09031-085

United States Penitentiary

P.O. Box 019001

Atwater, CA 95301

Robert S. Berry

# 09031-085

United States Penitentiary Atwater

P.O. Box 019001

Atwater, CA 95301


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON


| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No: CR-96-0259-WFN |
| Plaintiff/Respondent, | Civil No: _____ |
| vs. | |
| ROBERT SHERMAN BERRY, | "SECOND" MOTION TO VACATE |
| Defendant/Movant. | PURSUANT TO 28 USC § 2255 |


MOTION

1.   Robert S. Berry (Berry), federal prisoner confined at USP Atwater, moves this Court pursuant to 28 USC § 2255 to vacate his unconstitutional judgment of conviction entered—

   (a) in the District Court for the Eastern District of Washington, at Spokane,

   (b) criminal docket number 2:96-cr-00259-WFN.


2. (a) Judgment of Conviction entered November 4, 1997,

   (b) Sentence entered November 4 1997.


3.   Sentenced to two consecutive life terms plus 71 years and 10 months.

4. (a) Statutes of conviction upon original trial:

| | | |
|---|---|---|
| Count 1 | 18 USC § 371 | Conspiracy |
| Count 10 | 18 USC § 2312 | Transporting Stolen Vehicle |
| Count 11 | 18 USC § 2312 | Transporting Stolen Vehicle |
| Count 12 | 26 USC § 5861(d) | Possessing Untaxed Grenades |

(b) Statutes of conviction upon re-trial:

| | | |
|---|---|---|
| Count S2 | 18 USC § 844(i) | Malicious Damage/Destruction |
| Count S3 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S4 | 18 USC § 2113(a)&(d) | Armed Bank Robbery |
| Count S5 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S6 | 18 USC § 844(i) | Malicious Damage/Destruction |
| Count S7 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S8 | 18 USC § 2113(a)&(d) | Armed Bank Robbery |
| Count S9 | 18 USC § 924(c) | Firearm in Crime of Violence |

5. Berry pled Not Guilty to each count.

6. Berry was convicted in the original jury trial of counts 1, 10, 11 & 12 (no verdict on counts 2-9); upon a second jury trial he was convicted of counts S2-S9.

7. Berry testified at trial.

8-9. Berry (along with codefendants Merrell and Barbee, and a "related case" Brian Ratigan) appealed his conviction—
(a) to the U.S. Court of Appeals for the Ninth Circuit,
(b) case numbers 97-30371 (Berry), 97-30351 (Merrell), 98-30000 (Barbee), and 97-30372 (Ratigan).

-2-

(c) The Court of Appeals affirmed the convictions,

(d) in <u>United States v. Merrell</u>, 182 F.3d 929 WL 386651 (9th Cir 1999)(unpublished) on May 21, 1999.

10.  Berry has filed three previous motions under § 2255.

11.  PREVIOUS § 2255 MOTIONS

(a) <u>First 28 USC § 2255 Motion</u> (2007 motion),

    (1) filed in the United States District Court for the Eastern District of Washington,

    (2) case number: CV-07-211-WFN; docket numbers ECF #343 (§ 2255 motion), ECF #344 (Memorandum in Support)

    (3) on 06/21/07 (per Mailbox Rule) (docketed 07/02/07);

    (4) Based on newly discovered facts supporting Berry's claim that he is confined in violation of the United States Constitution,

    (5) Berry raised two Grounds under § 2255:

        GROUND ONE: Perjured Testimony Of An FBI Scientist.*

        GROUND TWO: New Evidence Of False Testimony, by junk science.

---

*To minimize wasting the Court's time, and in light the purpose of listing these previous motion grounds here, I abbreviate each to its "claim type".

(6) Motions for an evidentiary hearing (and discovery, and counsel) were not addressed.

(7) The District Court "treated" the motion as a "motion for a new trial," denied it under F.R.Crim. P.33's "five part test;" and denied a COA,

(8) on November 27, 2007 (ECF #349).

(9) Berry appealed. The Ninth Circuit granted a COA; it affirmed the District Court—including its conversion of the § 2255 motion into a Rule 33 motion—in a published opinion. United States v. Berry, 624 F.3d 1031 (9th Cir 2010). Petitions for rehearing en banc, and for certiorari in the Supreme Court were denied.

(b) Second ("Legally-First") § 2255 Motion (2011 motion),

(1) filed in the Ninth Circuit 09/12/11 concomitantly with a § 2255(h) petition (case no. 11-72713), which asked the circuit court to deny the petition as unnecessary as Berry's first motion had been shanghaied to Rule 33; the Ninth Circuit agreed and transferred the new motion to the US District Court for the Eastern District of Washington,

(2) case number CV-11-0429-WFN-1; Docket no. ECF #412,

(3) on December 14, 2011.

(4) Based on newly discovered Brady, Giglio and Napue claims,

(5) Berry raised two grounds under § 2255:

-4-

GROUND ONE: <u>Brady</u>/<u>Giglio</u>/<u>Napue</u> claim. Arising from suppression of promise to pay Loren Berry money.

GROUND TWO: <u>Brady</u>/<u>Giglio</u> claim. Arising from failure to disclose CABL junk science.

(6) Motion for evidentiary hearing, and for discovery (and counsel) were denied.

(7) The district court denied the motion. It held the motion was untimely (lack of diligence) or the <u>Brady</u> violations were immaterial; and denied a COA,

(8) on April 26, 2012 (ECF #428).

(9) Berry appealed. The Ninth Circuit denied COA 10/19/12; denied petition for rehearing 11/19/12. Petition for <u>certiorari</u> in Supreme Court denied.

(c) <u>Third ("Third-In-Time") § 2255 Motion</u> (2012 motion),

   (1) filed in the US District Court for the Eastern District of Washington, requested declaratory judgement that, as the motion presented previously undiscoverable Brady, and Brady-related claims, the motion was exempt from § 2255(h) requirements.

   (2) case number CV-13-056-WFN; docket no. ECF #441,

   (3) on February 4, 2013;

   (4) based on a 2012 affidavit of key government witness Loren Berry, admitting to being provided numerous inducements to lie about his motive to testify, and

-5-

to give misleading trial testimony.

(5) Berry raised twenty two claims of constitutional violations arising from deliberate prosecutorial misconduct:

GROUND ONE: Deliberate violation of Brady.

GROUND TWO: Deliberate violation of Brady.

GROUND THREE: Deliberate violation of Agurs/Brady.

GROUND FOUR: Deliberate violation of Giglio/Napue.

GROUND FIVE: Multiple deliberate violations of Brady.

GROUND SIX: Deliberate violation of Brady.

GROUND SEVEN: Multiple deliberate violations of Brady.

GROUND EIGHT: Deliberate violation of Agurs/Brady.

GROUND NINE: Deliberate violation of Napue.

GROUND TEN: Deliberate violation of Brady.

GROUND ELEVEN: Fraud on the court by AUSA Rice.

GROUND TWELVE: Deliberate violation of Agurs.

GROUND THIRTEEN: Deliberate violation of Sixth Amendment under Davis.

GROUND FOURTEEN: Deliberate violation of Napue.

GROUND FIFTEEN: Deliberate violation of Giglio/Napue and Alcorta.

GROUND SIXTEEN: AUSA Harrington violated Agurs by lying to the jury.

GROUND SEVENTEEN: AUSA Rice violated Agurs/Giglio and Mooney by lies to the jury.

GROUND EIGHTEEN: AUSA Rice violated Brady and Berger by deliberately misleading the jury.

GROUND NINETEEN: Deliberate violation of Sixth Amendment under <u>Davis</u>.

GROUND TWENTY: Deliberate violation of Sixth Amendment under <u>Davis</u>.

GROUND TWENTY-ONE: Deliberate violation of <u>Bowie</u>/<u>Berger</u>.

GROUND TWENTY-TWO: Flagrant misconduct infected the entire trial.

(6) A motion for evidentiary hearing was denied.

(7) The request for declaratory judgment was denied, the § 2255 motion dismissed, COA "denied,"

(8) on March 4, 2013 (ECF #443).

(9) Berry appealed, arguing § 2255 COA does not apply to declaratory judgment. The Ninth Circuit denied COA.

12. BERRY'S CURRENT CLAIM THAT HE IS HELD IN VIOLATION OF THE UNITED STATES CONSTITUTION

(a) Under § 2255(h)(2) Berry challenges his conviction on counts of 18 USC § 924(c), S3, S5, S7 and S9, asserting on two grounds that his sentence is constitutionally infirm:

GROUND ONE: In light of intervening authority promulgated by the Supreme Court in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), Berry's convictions were imposed in violation of his Fifth Amendment right to due process by the court erroneously categorizing as "crimes of violence" the statutes upon which his § 924(c) convictions are predicated.

-7-

FACTS: At Berry's trial the court instructed the jury—before the jury decided upon a single fact: "You are instructed that malicious destruction of property in interstate commerce and bank robbery are crimes of violence."

GROUND TWO: The district court's instruction that an essential element of the offense was met for each § 924(c) count—an incorrect instruction in light of Johnson—directed guilty verdicts in violation of Berry's Fifth Amendment right to due process and Sixth Amendment right to trial by jury.

BRIEF SUMMARY OF ARGUMENT: (1) After Johnson, 135 S.Ct 2551 (2015), and Dimaya v. Lynch, 803 F.3d 1110 (9th Cir 2015), the 18 USC § 924(c)(3)(B) residual clause cannot stand, see e.g. United States v. Lattanaphom, 2016 U.S. Dist. Lexis 12368 (E.D. Ca. Feb 2, 2016); (2) the entire line of Ninth Circuit sentence-enhancement case law that permitted the court to direct guilty verdicts on Berry's § 924(c) charges, is expressly constructed upon the § 924(c)(3)(B) residual clause, see United States v. Springfield, 829 F.2d 860 (9th Cir 1987), and its progeny; therefore that line of case law cannot stand; and (3) the directed guilty verdicts based on that case law, upon which Berry is confined, cannot stand. See ARGUMENT, Memorandum in Support.

   (b)(1) Berry did NOT raise this claim on direct appeal,
      (2) because it relies on a new rule of law.

   (c)(1-7) Berry has NOT raised this previously foreclosed
      claim in any sort of post-conviction motion or petition.

-8-

13. As far as Berry knows, this claim has never been argued in any proceeding in his case, because it was previously foreclosed by Supreme Court precedent.

14. The only other petition or proceeding that Berry has pending in any court at this time, is his petition in the Ninth Circuit under § 2255(h)(2) for authorization to file this § 2255 motion in the district court.

15. <u>Names And Addresses of Attorneys</u>

    (a) At preliminary hearing . . John Rodgers

                         1033 West Gardner

                         Spokane, WA 99260-0280

    (b) Arraignment and plea . . . (same)

    (c) Trial . . . . . . . . . . (same)

    (d) Sentencing . . . . . . . (same)

    (e) Direct Appeal . . . . . . Gene Grantham

                         119 First Avenue South

                         Suite 500

                         Seattle, WA 98104

    (f) 2007 § 2255 Motion

        in District Court . . . . . Robert S. Berry, pro se

                         # 09031-085, USP Atwater

                         P.O. Box 019001

                         Atwater, CA 95301

on appeal . . . . . . . . . Dan B. Johnson

Suite 601, 4407 N Division

Spokane, WA 99207


(g) 2011 § 2255 Motion. . . . . Robert S. Berry, pro se

# 09031-085, USP Atwater

P.O. Box 019001

Atwater, CA 95301

(h) 2012 § 2255 Motion. . . . . (same)


16.  Berry was sentenced in the District Court, Eastern District of Washington, on four counts on an original indictment, and eight counts on a superseding indictment.


17.  Berry has no future sentence to serve after completing the sentence for the judgment he is challenging.


18.  Timeliness of Motion. Berry's judgment of conviction became final more that one year ago. Berry's motion is timely under § 2255(f)(3), because the right he asserts has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The right Berry asserts was initially recognized by the Supreme Court in United States v. Johnson, 135 S.Ct. 2551 (June 26, 2015) and made retroactive to cases on collateral review by the Supreme Court in Welch v. United States, 2016 BL 120401, p 79 (April 18, 2016). Berry's motion is filed less than one year from June 26, 2015.

-10-

THEREFORE, Berry asks that the Court vacate his convictions for 18 USC § 944(c), counts S3, S5, S7 and S9 and resentence him accordingly. Or grant any other relief to which he may be entitled.

DECLARATION

1. I, Robert S. Berry declare under penalty of perjury that the foregoing is true and correct.

2. I, Robert S. Berry declare under penalty of perjury that this Motion under 28 USC § 2255 was filed, as attachment to a § 2255(h)(2) petition in the Ninth Circuit Court of Appeals, by placing it in the Inmate Legal Mail System at USP Atwater, first class postage prepaid, addressed to:

> Clerk, Ninth Circuit Court
> P.O. Box 193939
> San Francisco, CA 94103

RESPECTFULLY SUBMITTED and
EXECUTED this 3rd day of May, 2016 by _____

                                    Robert S. Berry, pro se

-11-

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-246
(1:03-cr-00296-LMB-6)

_____

In re: SEIFULLAH CHAPMAN,

Movant.

_____

O R D E R

_____

Seiffulah Chapman has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion. Chapman has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, __ S. Ct. __, No. 15-6418, 2016 WL 1551144 (U.S. Apr. 18, 2016), may apply to his case. We grant authorization for Chapman to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance. The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim

relying on the Supreme Court's decision in <u>Johnson</u> expires on June 26, 2016.

Entered at the direction of the panel: Judge Wilkinson, Judge Shedd, and Senior Judge Davis.

For the Court

<u>/s/ Patricia S. Connor, Clerk</u>

2

# MANDATE

## United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand sixteen.

Present:     Reena Raggi,
             Richard C. Wesley,
             Christopher F. Droney,
                       *Circuit Judges.*

---

Michael Freeman,

                       *Petitioner,*

      v.                                                              15-3687

United States of America,

                       *Respondent.*

---

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion in the United States District Court for the Southern District of New York. The United States does not oppose. Upon due consideration, it is hereby ORDERED that Petitioner's motion for leave to file a successive § 2255 motion is GRANTED because he has made a *prima facie* showing that he satisfies the successive motion requirements with respect to his proposed claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that imposition of enhanced sentence under residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e), violates Due Process Clause).

This Court has determined only that Petitioner has made the requisite *prima facie* showing, *see* 28 U.S.C. § 2244(b)(3)(C), and the district court is directed to address, as a preliminary inquiry under § 2244(b)(4), whether *Johnson* announced a new rule of constitutional law made retroactive to cases on collateral review and, thus, permits Petitioner's new § 2255 claim to proceed. *See Welch v. United States*, --- S.Ct. ---, 2016 WL 90594 (Jan. 8, 2016) (granting writ of certiorari on retroactivity of *Johnson*).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

MANDATE ISSUED ON 01/26/2016

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

————

No. 16-50213

————

In re: ALBERT JAMES HOLSTON,

Movant

————

Motion for an order authorizing the
United States District Court for the
Western District of Texas, Waco to consider a
successive 28 U.S.C. § 2255 motion

————

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Albert James Holston, federal prisoner # 68892-280, moves for authorization to file a successive 28 U.S.C. § 2255 motion. He was convicted of conspiring to possess with intent to distribute at least 1,000 kilograms of marijuana and conspiring to launder money and sentenced to a total of 262 months of imprisonment and five years of supervised release. He may file a successive § 2255 motion if he makes a prima facie showing that his motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2).

Holston was sentenced as a career offender based in part on a prior conviction that was deemed a crime of violence under the so-called residual clause of U.S.S.G. § 4B1.2(a)(2). *United States v. Holston*, 471 F. App'x 308,

308 (5th Cir. 2012). In *Johnson v. United States*, 135 S. Ct. 2551, 2555-57,

2563 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and that imposing an increased sentence under the residual clause violates the Constitution's guarantee of due process. Holston seeks application of *Johnson* to the identically-worded residual clause of § 4B1.2(a)(2).

*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Without expressing an opinion regarding the merits of Holston's claims or whether *Johnson* applies to § 4B1.2(a)(2), we conclude that Holston has made "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001) (internal quotation marks and citation omitted).

Accordingly, IT IS ORDERED that Holston's motion for authorization is GRANTED. Our grant of authorization is tentative in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Holston has failed to make the showing required to file such a motion. *See* 28 U.S.C. § 2244(b)(4).

2

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12084-J

_____

IN RE: RICARDO PINDER, JR.,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before TJOFLAT, WILSON, and MARTIN, Circuit Judges.

BY THE COURT:

Ricardo Pinder, Jr., seeks authorization to file a second or successive

28 U.S.C. § 2255 motion.  He can file such a motion only if the motion is "certified

. . . by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of
> the evidence as a whole, would be sufficient to establish by clear and
> convincing evidence that no reasonable factfinder would have found
> the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on
> collateral review by the Supreme Court, that was previously
> unavailable.

1

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." Id. § 2244(b)(3)(C).

Pinder was sentenced under 18 U.S.C. § 924(c), which requires a higher prison sentence whenever a defendant uses a firearm during a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute gives more than one definition of "crime of violence," including any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B). Pinder claims this definition is unconstitutional in light of Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015), which held that the phrase "involves conduct that presents a serious potential risk of physical injury to another" in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. The Supreme Court has held that the rule announced in Johnson applies retroactively on collateral review. See Welch v. United States, 578 U.S. __, __, 136 S. Ct. 1257, 1268 (2016).

Our Court hasn't decided if Johnson applies to § 924(c)(3)(B). However, the language in § 924(c) and § 924(e) is very similar. And both § 924(c) and § 924(e) are penal statutes, meaning they both require higher sentences once a court decides that an offense is a "crime of violence." Also, for both statutes this

2

question is decided "'categorically'—that is, by reference to the elements of the offense, and not the actual facts of [the defendant's] conduct." United States v. McGuire, 706 F.3d 1333, 1336 (11th Cir. 2013) (O'Connor, J.). As the Supreme Court has explained, "[t]he vagueness of [§ 924(e)(2)(B)(ii)] rests in large part on its operation under the categorical approach." Welch, 136 S. Ct. at 1262. This "approach required courts to assess the hypothetical risk posed by an abstract generic version of the offense." Id. "It is one thing to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction." Johnson, 135 S. Ct. at 2558. Though § 924(c) is phrased a bit differently from § 924(e), the § 924(c) language also requires courts to decide if the offense in question "naturally involve[s] a person acting in disregard of the risk that physical force might be used against another in committing an offense." Leocal v. Ashcroft, 543 U.S. 1, 10, 125 S. Ct. 377, 383 (2004).

Given the similarity between § 924(c) and § 924(e), other Courts of Appeals have authorized successive § 2255 petitions based on Johnson in § 924(c) cases. See, e.g., Freeman v. United States, No. 15-3687 (2d Cir. Jan. 26, 2016); In re Chapman, No. 16-246 (4th Cir. May 3, 2016); Ruiz v. United States, No. 16-1193 (7th Cir. Feb. 19, 2016) (rejecting the argument "that § 924(c)(3)(B) differs enough from [§ 924(e)(2)(B)(ii)]'s residual clause that it was not invalidated by Johnson"). And though the Sixth Circuit has held that § 924(c)(3)(B) is not unconstitutionally

3

vague, see United States v. Taylor, 814 F.3d 340, 379 (6th Cir. 2016), the Seventh and Ninth Circuits have held that identically worded language in 18 U.S.C. § 16(b) is unconstitutionally vague, see United States v. Vivas-Ceja, 808 F.3d 719, 723 (7th Cir. 2015); Dimaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015).

In short, the law is unsettled on whether the rule announced in Johnson invalidates Pinder's sentence. What's clear however is that Pinder has made a prima facie showing that his motion "contain[s] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h); see also In re Joshua, 224 F.3d 1281, 1282 n.2 (11th Cir. 2000) (per curiam) (noting that "the merits of this case . . . are not relevant to whether Joshua can obtain permission to bring a second or successive § 2255 motion to vacate"). Whether that new rule of constitutional law invalidates Pinder's sentence must be decided in the first instance by the District Court.[1] Nothing in our order binds that court, which must decide every aspect of Pinder's claim "fresh, or in the

---

[1] Pinder's § 924(c) sentence appears to have been based on a conviction for conspiracy to commit Hobbs Act robbery. "To convict on a Hobbs Act conspiracy, the government must show that (1) two or more people agreed to commit a Hobbs Act robbery; (2) that the defendant knew of the conspiratorial goal; and (3) that the defendant voluntarily participated in furthering that goal." United States v. Ransfer, 749 F.3d 914, 930 (11th Cir. 2014). This Court "has not decided that a Hobbs Act robbery categorically qualifies as a 'crime of violence' for the purposes of § 924(c)" after Johnson. United States v. Collins, No. 1:14-CR-302, 2016 WL 1639960, at *26 (N.D. Ga. Feb. 9, 2016), report and recommendation adopted, No. 1:14-CR-302, 2016 WL 1623910 (N.D. Ga. Apr. 25, 2016). We also haven't decided this question for *conspiracy* to commit Hobbs Act robbery. At least two district courts have held that conspiracy to commit Hobbs Act robbery is not a "crime of violence" after Johnson. See United States v. Luong, No. 2:99-00433, 2016 WL 1588495, at *3 (E.D. Cal. Apr. 20, 2016); United States v. Edmundson, No. PWG-13-15, 2015 WL 9311983, at *6 (D. Md. Dec. 23, 2015). We leave the merits of Pinder's claim to the District Court to decide in the first instance.

4

legal vernacular, <u>de novo</u>." <u>Jordan v. Sec'y, Dep't of Corr.</u>, 485 F.3d 1351, 1358 (11th Cir. 2007). Also, whatever

> determination that the district court makes about whether [Pinder] has satisfied the requirements for filing a second or successive motion, and any determination it makes on the merits, if it reaches the merits, is subject to review on appeal from a final judgment or order if an appeal is filed. Should an appeal be filed from the district court[']s determination, nothing in this order shall bind the merits panel in that appeal.

<u>In re Moss</u>, 703 F.3d 1301, 1303 (11th Cir. 2013).

**APPLICATION GRANTED.**

TJOFLAT, Circuit Judge, dissenting:

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.*, Congress transferred from the District Courts to the Circuit Courts the power to decide whether a second or successive petition or motion may be brought under §§ 2254 and 2255. The Circuit Courts now perform a gatekeeping function. A Circuit Court may authorize a federal prisoner to file a second or successive § 2255 motion if a panel of the court certifies the motion "to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2255(h)(2).

Pinder requests our authorization to file a second or successive motion on the theory that *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), applies retroactively through *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257, __ L. Ed. 2d. __ (2016), to the "crime of violence" language of 18 U.S.C. § 924(c) in the way it applies to the "violent felony" language of 18 U.S.C. § 924(e). We grant Pinder's request on the sole ground that he "has made a prima facie showing that his motion 'contain[s] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.'" Ante at 4 (quoting 28 U.S.C. § 2255(h)(2)) (alteration in the original).

Whether *Johnson* applies to § 924(c) as it does to § 924(e) presents a pure question of law, which we could readily decide. We do not decide it, though, because, as the majority implies, doing so would be beyond the gatekeeping task Congress has assigned us under AEDPA. Our task is simply to determine whether the movant's motion contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Pinder's motion contains one; hence, authorization is mandatory. The majority makes this abundantly clear. "Whether th[e] new rule of constitutional law invalidates Pinder's sentence must be decided in the first instance by the District Court." Ante at 4. Our order authorizing the filing "in no way binds" the District Court, which "must decide even the § 2255(h) question 'fresh, or in the legal vernacular, *de novo.*'" *Id.* In short, the District Court is on its own in deciding the retroactivity question.

But our gatekeeping function under § 2255(h)(2) is more robust than the majority recognizes. When faced with a straightforward, pure question of law that is dispositive, it is an abdication of our judicial mantle *not* to decide it.[1] This becomes obvious when one considers what we would have done had the Supreme

---

[1] To the extent that additional briefing from the parties might be necessary to resolve a motion for a second or successive petition presenting a pure question of law, we could order targeted supplemental briefing on an expedited basis.

7

Court decided *Johnson* while Pinder's case was pending on direct appeal.[2] We would have had two choices, as least in theory. First, even though further development of the record would not have been necessary to decide whether *Johnson* affected the validity of Pinder's conviction, we could have held the appeal in abeyance and remanded the case to the District Court with the instruction that the District Court decide the retroactivity question in the first instance for sentencing purposes—the same instruction today's authorization implies—and then certify its decision to us. The District Court would have decided the retroactivity question, a pure question of law, and made the certification. On receipt of its decision, we would then engage in the same task we gave the District Court. Why? Because we would have been faced with the exact same retroactivity question we sent to the District Court. If we affirmed the District Court's decision, all would have been well and good—the District Court would have gotten it right. If we reversed, the District Court would have wondered in total astonishment why we didn't decide the retroactivity issue in the first place—why we wasted its time and effort and, what's worse, made it appear incompetent.[3]

---

[2] *Johnson* would apply to 18 U.S.C. § 924(e)(2)(B)(ii) convictions like Pinder's in pending cases on direct appeal. *See, e.g., Griffith v. Kentucky*, 479 U.S. 314, 320–26 107 S. Ct. 708, 711–15, 93 L. Ed. 2d 649 (1987).

[3] If we affirmed, the District Court would still wonder why we didn't resolve the issue initially and avoid wasting that court's time and effort.

We would not have opted to remand Pinder's case to the District Court had it still been pending when *Johnson* was decided. We would have instead decided the retroactivity issue ourselves. We would have done so for obvious reasons. Considerations of efficiency, our institutional respect for the District Court, the legal profession's respect for our court, and the public's interest in avoiding a judicial game of musical chairs would have required that we decide the retroactivity question straightway.

Now, consider the case at hand and imagine that we were a court of only three judges. As in the direct appeal I posit above, we would have two choices. We could decide the question of law or we could palm it off to the District Court. If we opted to palm it off, the District Court would resolve the retroactivity issue, and the losing side would appeal.[4] And we would be faced once again with the question of whether *Johnson* applied to Pinder's conviction. If we reversed, the District Court would be just as astonished as the District Court in the direct-appeal scenario would have been had we remanded the retroactivity issue instead of deciding it ourselves and then reversed its decision.[5] In the end, however the District Court resolved the retroactivity issue, we would have faced the issue twice,

_____

[4] If Pinder lost, he would then seek a certificate of appealability under 28 U.S.C. § 2553(c) based on *Johnson*.
[5] As in the direct-appeal scenario described above, if we affirmed, the District Court would still wonder why we didn't resolve the issue initially and avoid wasting that court's time and effort.

and depending on our decision, the District Court could have been taxed with the case twice.

But we aren't a three-judge court. Today's authorization will result in an appeal to another three-judge panel, and that panel will pass judgment on today's decision. The authorization will yield the same inefficiencies, potential for institutional disrespect, and public concern that that would result if, during the direct appeal of a criminal conviction, we palmed off to the District Court a pure question of law that we should have decided in the first instance.

Is it possible that Congress, in drafting AEDPA, envisioned such a waste of judicial time and resources and further delay in the finality of criminal convictions? *Cf. Day v. McDonough*, 547 U.S. 198, 205, 126 S. Ct. 1675, 1681, 164 L. Ed. 2d 376 (2006) (recognizing that "'judicial efficiency and conservation of judicial resources'" promotes AEDPA's interest in finality (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000))).[6] I hardly think so.

---

[6] These efficiency concerns, which likewise implicate AEDPA's interest in comity and federalism, are only heightened in the context of 28 U.S.C. § 2254.

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

---

No. 16-10393

---

In re: JESSE B. RODRIGUEZ,

Movant

---

Motion for an order authorizing the
United States District Court for the
Northern District of Texas, San Angelo to consider
a successive 28 U.S.C. § 2255 motion

---

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:

Jesse B. Rodriguez, federal prisoner # 36590-177, moves for authorization to file a successive 28 U.S.C. § 2255 motion. He may file a successive motion if he makes a prima facie showing that his motion "contain[s]" either "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 897-98 (5th Cir. 2001). Rodriguez relies on the "new rule" prong.

Rodriguez was sentenced as a career offender based in part on a prior conviction that was deemed a "crime of violence" under the so-called residual clause of U.S.S.G. § 4B1.2(a)(2). In *Johnson v. United States*, 135 S. Ct. 2551,

2555-57, 2563 (2015), the Supreme Court invalidated, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). Rodriguez seeks application of *Johnson* to the identically worded residual clause of § 4B1.2(a)(2).

*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016). Without expressing an opinion regarding the merits of Rodriguez's claims or whether *Johnson* applies to § 4B1.2(a)(2), we conclude that Rodriguez has made "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *ReyesRequena*, 243 F.3d at 899 (internal quotation marks and citation omitted).

Accordingly, IT IS ORDERED that Rodriguez's motion for authorization is GRANTED. Our grant of authorization is tentative in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Rodriguez has failed to make the showing required to file such a motion. *See* 28 U.S.C. § 2244(b)(4); *Reyes-Requena*, 243 F.3d at 899.

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 2, 2016
Decided February 19, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 16-1193

JESUS RUIZ,
    *Applicant,*

    *v.*

UNITED STATES OF AMERICA,
    *Respondent.*

On Motion for an Order Authorizing the District Court to Entertain a Second or Successive Motion for Collateral Review.

## O R D E R

Jesus Ruiz has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion to vacate under § 2255. Ruiz was convicted of three counts of using a firearm in connection with a crime of violence, 18 U.S.C. § 924(c). Ruiz wants to challenge those convictions under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. Because *Johnson* announced a new substantive rule of constitutional law, it has retroactive application. *Price v. United States*, 795 F.3d 731 (7th Cir. 2015).

The government concedes Ruiz's ability to make a prima facie showing that his convictions were based on the definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B), which is similar to the residual clause of the Armed Career Criminal Act. The

government argues, though, that § 924(c)(3)(B) differs enough from the ACCA's residual clause that it was not invalidated by *Johnson*. But that subsection is identical to 18 U.S.C. § 16(b), which we held is unconstitutionally vague under *Johnson*. *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015).

Accordingly, we **GRANT** Ruiz's application and **AUTHORIZE** the district court to consider his claim.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 16-40505

---

In re: MIKEAL GLEN STINE,

Movant

---

Motion for an order authorizing
the United States District Court for the
Southern District of Texas, Victoria to consider
a successive 28 U.S.C. § 2255 motion

---

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:

Mikeal Glen Stine, federal prisoner # 55436-098, moves for authorization to file a successive 28 U.S.C. § 2255 motion. He may file a successive motion if he makes a prima facie showing that his motion "contain[s]" either "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 897–98 (5th Cir. 2001). Stine relies on the "new rule" prong.

Stine was sentenced as a career offender based in part on prior convictions that were deemed "crimes of violence" under the so-called residual clause of U.S.S.G. § 4B1.2(a)(2). *United States v. Stine*, 122 F. App'x 103, 103 (5th Cir. 2005), *opinion withdrawn but reinstated with additional reasons by*

*United States v. Stine*, Nos. 04-40561 & 04-40582, 2005 WL 6225365 (5th Cir. May 24, 2005). In *Johnson v. United States*, 135 S. Ct. 2551, 2555–57, 2563 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. Stine seeks application of *Johnson* to the identically worded residual clause of U.S.S.G. § 4B1.2(a)(2).

*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016). However, *Johnson* did not address U.S.S.G. § 4B1.2(a)(2). *See Johnson*, 135 S. Ct. at 2555–57. Nor has the Supreme Court held that a Sentencing Guidelines enhancement that increases the guidelines range implicates the same due process concerns as a statute that increases a statutory penalty. *See United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990); *see also United States v. Wilson*, 622 F. App'x 393, 405 n.51 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 992 (2016). Indeed, even in the context of direct appeals (as opposed to the collateral review we consider here) federal courts of appeals are split on whether *Johnson* applies to a Sentencing Guideline provision. *Compare Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015); *United States v. Maldonado*, 2016 WL 229833 (2d Cir. Jan. 20, 2016); *United States v. Goodwin*, 2015 WL 5167789, at * 3 (10th Cir. Sept. 4, 2015) (all applying *Johnson* to U.S.S.G. § 4B.1.2(a)(2)), *with United States v. Matchett*, 802 F.3d 1185, 1194–95 (11th Cir. 2015) (holding that a Guidelines provisions may not be challenged on void-for-vagueness grounds); *see also United States v. Taylor*, 803 F.3d 931, 933–35 (8th Cir. 2015) (Colloton, J., dissenting). This disagreement among lower court judges demonstrates that the Supreme Court has not taken a position on whether *Johnson* applies to the Guidelines. Further, even if *Johnson* does implicate U.S.S.G. § 4B1.2(a)(2),

the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review. Stine has therefore not shown that he is entitled to authorization to proceed based on *Johnson*.

IT IS ORDERED that Stine's motion and supplemental motions for authorization are DENIED.

GRAVES, Circuit Judge, dissenting:

I disagree with the majority's decision to deny Mikeal Glen Stine's motion for authorization to file a successive 28 U.S.C. § 2255 motion. Stine has made a prima facie showing that he is entitled to relief due to "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 897–98 (5th Cir. 2011). Therefore, I respectfully dissent.

In concluding that Stine's motion for authorization warrants denial, the majority opines that United States Sentencing Guidelines provisions are not susceptible to vagueness challenges. We have not yet, in a published decision, explicitly addressed whether a defendant can challenge the Guidelines for vagueness. But the Supreme Court's *Peugh v. United States*, 133 S. Ct. 2072 (2013) decision offers helpful guidance. The Court held that the Guidelines are subject to constitutional challenge "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Id.* at 2082. Since *Peugh*—except for the Eleventh Circuit's lonely view in *United States v. Matchett*, 802 F.3d 1185, 1194–96 (11th Cir. 2015)—our sister circuits overwhelmingly agree that the Guidelines provisions are subject to vagueness challenges. *See United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015); *United States v. Pawlak*, ---F.3d----, 2016 WL 2802723 (6th Cir. May

3

13, 2016); *Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015); *United States v. Taylor*, 803 F.3d 931 (8th Cir. 2015); *United States v. Maldanado*, 2016 WL 229833 (2d Cir. Jan. 20, 2016); *United States v. Townsend*, 2015 WL 9311394 (3d Cir. Dec. 23, 2015). I agree.

This growing consensus allowing challenges to a Guideline following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), further supports the application of that decision to this case—and my view that this application is proper. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Id.* at 2555–57, 2563. The residual clause of the Guideline at issue here—U.S.S.G. § 4B1.2(a)(2)—is identical to the residual clause invalidated in *Johnson*. In fact, in this circuit, interpretation of one of these residual clauses often lends itself to interpretation of the other. *See United States v. Gore*, 636 F.3d 728, 745 (5th Cir. 2012) (Higginbotham, J., concurring) (the Fifth Circuit "applie[s] [its] holdings under the residual clause of the ACCA to analyze the definition of crimes of violence under § 4B1.2, and vice versa.")). It stands to reason, then, that the same analysis applied in *Johnson* applies in this context; thus, the same conclusion must be reached.

There is no question that *Johnson* announced a new, retroactively applicable rule of constitutional law. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016). The majority reasons, however, that *Johnson* did not address U.S.S.G. § 4B1.2(a)(2). I do not share this view. Instead, I am persuaded that the Supreme Court's discussion in *Johnson* regarding the ACCA's residual clause applies with equal force to the identically-worded residual clause of § 4B1.2(a)(2). Meaning, § 4B1.2(a)(2)'s residual clause is not immune from the same issues that plagued the ACCA's residual clause simply because it was not *specifically* addressed in *Johnson*. Other panels of this court have implicitly

arrived at this conclusion, holding as follows: "Without expressing an opinion regarding the merits of [the defendant's] claims or whether *Johnson* applies to § 4B1.2(a)(2), we conclude that [the defendant] has made a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Holston*, No. 16-50213 (5th Cir. May 17, 2016); *In re Rodriguez*, 16-10393 (5th Cir. May 17, 2016). While we chose not to explore the merits in those cases, two of our sister circuits—the Sixth Circuit in *In re Grant*, No. 15-5795 (6th Cir. May 7, 2016) and the Tenth Circuit in *In re Encinias*, ---F.3d----, 2016 WL 1719323 (10th Cir. Apr. 29, 2016)—have directly confronted the arguments made here. In both instances, the respective circuit courts examined the issue and consequently authorized filings of successive § 2255 motions. In light of these considerations, I am convinced that Stine has made a prima facie showing that he is entitled to proceed based on *Johnson*. Therefore, I respectfully dissent.

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

1100 East Main Street, Suite 501, Richmond, Virginia 23219

May 31, 2016

NOTICE OF AUTHORIZATION TO
FILE SUCCESSIVE APPLICATION

No. 16-772,    In re: Devontra Tyson
               4:10-cr-00049-FL-2

TO: Parties and Counsel

The court has granted authorization for you to file a successive application for post-conviction relief.

In accordance with Local Rule 22(d), the post-conviction application that was attached to your motion for authorization has been transmitted to the district court with the order granting authorization to file. Any proposed amendment to your post-conviction application should be filed in the district court rather than in the court of appeals.

Joy Hargett Moore, Deputy Clerk

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-772
(4:10-cr-00049-FL-2)

_____

In re:  DEVONTRA TYSON, a/k/a Devonta Arnaez Tyson,

Movant.

_____

O R D E R

_____

Devontra Tyson has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Tyson has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We therefore grant authorization for Tyson to file in the district court a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

Entered at the direction of the panel: Judge Wilkinson, Judge Keenan, and Judge Thacker.

For the Court

/s/ Patricia S. Connor, Clerk

# United States Court of Appeals for the Fourth Circuit

| Name of Movant | Prisoner Number | Case Number |
|---|---|---|
| DEVONTRA TYSON | 54853-056 | (leave blank) |

| Place of Confinement |
|---|
| BENNETTSVILLE FEDERAL CORRECTIONAL INSTITUTION |

In Re:                                                                , Movant

DEVONTRA TYSON

1. Name and location of court which entered the judgment of conviction from which relief is sought:

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA (Eastern Division)

2. Parties' Names: UNITED STATES OF AMERICA ___vs. DEVONTRA TYSON

3. Docket Number: 4:10-cr-00049-FL-2 ____ 4. Date Filed: 06/09/2010

5. Date of judgment of conviction: 03-18-11 _____ 6. Length of sentence: 157 Months

7. Nature of offense(s) involved (all counts): Count (1)- Attempted Hobbs Act Robbery; Aiding and abetting. Count (2)- Use Carrying of a firearm during and in relation to a crime of violence, or possessing firearm infurtherance of the crime; Aiding and abetting.

8. What was your plea? (Check one)     ☐ Not Guilty   ☒ Guilty   ☐ Nolo Contendere

9. If you pleaded not guilty, what kind of trial did you have? (Check one)   ☐ Jury   ☐ Judge only

10. Did you testify at your trial? (Check one)   ☐ Yes   ☐ No

11. Did you appeal from the judgment of conviction? (Check one)   ☐ Yes   ☒ No

RECEIVED 2016 MAR 16 AM 11:24 U.S. COURT OF APPEALS FOR THE FOURTH CIRCUIT

12. If you did appeal, what was the

Name of court appealed to: N/A

Parties' names on appeal: N/A ___ vs. ___ N/A

Docket number of appeal: N/A ___ Date of decision: N/A

Result of appeal: N/A ___ N/A

13. Other than a direct appeal from the judgment of conviction and sentence, have you filed any other petitions, applications for relief, or other motions regarding this judgment in any federal court?   ☒ Yes   ☐ No

14. If you answered "Yes" to question 13, answer the following questions:

    A. FIRST PETITION, APPLICATION, OR MOTION

    (1) In what court did you file the petition, application, or motion?   N/A

    (2) What were the parties' names?   N/A   vs.   N/A

    (3) What was the docket number of the case?   N/A

    (4) What relief did you seek?   N/A

    (5) What grounds for relief did you state in your petition, application, or motion?   N/A

    (6) Did the court hold an evidentiary hearing on your petition, application or motion? ☐ Yes ☒ No

    (7) What was the result? N/A   ☐ Relief granted   ☐ Relief denied on the merits

    ☐ Relief denied for failure to exhaust   ☐ Relief denied for procedural default

    (8) Date of court's decision:   N/A

    B. SECOND PETITION, APPLICATION, OR MOTION

    (1) In what court did you file the petition, application, or motion?   N/A

    (2) What were the parties' names?   N/A   vs.

    (3) What was the docket number of the case?   N/A

    (4) What relief did you seek?   N/A

    (5) What grounds for relief did you state in your petition, application, or motion?   N/A

    (6) Did the court hold an evidentiary hearing on your petition, application or motion? ☐ Yes ☒ No

    (7) What was the result? N/A   ☐ Relief granted   ☐ Relief denied on the merits

    ☐ Relief denied for failure to exhaust   ☐ Relief denied for procedural default

    (8) Date of court's decision:   N/A

    C. THIRD AND SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS
    For any third or subsequent petition, application, or motion, attach a separate page providing the information
    required in items (1) through (8) above for first and second petitions, applications, or motions.

D. PRIOR APPELLATE REVIEW(S)

D. PRIOR APPELLATE REVIEW(S)

Did you appeal the results of your petitions, applications, or motions to a federal court of appeals having jurisdiction over your case? If so, list the docket numbers and dates of final disposition for all subsequent petitions, applications, or motions filed in a federal court of appeals.

| | | | | |
|---|---|---|---|---|
| First petition, application, or motion | ☐ Yes | Appeal No. | N/A | ☐ No |
| Second petition, application, or motion | ☐ Yes | Appeal No. | N/A | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes | Appeal No. | N/A | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes | Appeal No. | N/A | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes | Appeal No. | N/A | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes | Appeal No. | N/A | ☐ No |

If you did not appeal from the denial of relief on **any** of your prior petitions, applications, or motions, state which denials you did not appeal and explain why you did not.   N/A

15. Did you present any of the claims in this application in any previous petition, application, or motion for relief under 28 U.S.C. § 2254 or § 2255? (Check one)   ☐ Yes   ☒ No

16. If your answer to question 15 is "Yes," give the docket number(s) and court(s) in which such claims were raised and state the basis on which relief was denied.   N/A

17. If your answer to question 15 is "No," why not? This Court will grant you authority to file in the district court only if you show that you could not have presented your present claims in your previous § 2254 or § 2255 application because . . .

A. (For § 2255 motions only) the claims involve "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [you] guilty"; or,

B. (For § 2254 petitions only) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [you] guilty of the offense"; or,

**XXX** C. (For both § 2254 and § 2255 applicants) the claims involve "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court [of the United States], that was previously unavailable."

The issue presented rest upon the decision rendered in Johnson v. United States, 135 S. Ct. 2551 (2015). Made retroactive applicable to cases on collateral review by the U.S. Supreme Court in Welch.  Such decision would have an effect on count two of my indictment based on the 924(c) residual clause, because count one of my indictment for attempting to commit a Hobbs Act robbery did not require or have an element of force to substain a conviction pursuant to §924(c)(3)(A).  Using the residual clause of 924 that employs the same language as §924(e) that was struck down would require the court to us the same arbitrariness that the United States Supreme Court disregarded in Johnson.

I did not present the following claims in any previous petition, application, or motion for relief under 28 U.S.C. § 2254: N/A

I did not present the claims listed above in any previous petition, application, or motion because

Such right is newly recognized by the U.S. Supreme Court.

Movant prays that the United States Court of Appeals for the Fourth Circuit grant an Order Authorizing the District Court to Consider Movant's Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255.

_____
Movant's Signature

I declare under Penalty of Perjury that my answers to all questions in this Motion are true and correct. Executed on

_____
[date]

_____
Movant's Signature

### PROOF OF SERVICE

A copy of this motion and all attachments must be sent to the state attorney general (§ 2254 cases) or the United States Attorney for the United States judicial district in which you were convicted (§ 2255 cases).

I certify that on _____ I mailed a copy of this motion and all attachments
[date]

to  Michael James _____ at the following address:

310 New Bern Ave. Suite 800 Raleigh, NC 27601

_____
Movant's Signature

## NO STAPLES, TAPE, OR BINDING PLEASE

- 4 -

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District for the Eastern District of North Carolina |
|---|---|
| Name *(under which you were convicted):* DEVONTRA TYSON | Docket or Case No.: 4:10-cr-00049-FL-2 |
| Place of Confinement: BENNETTSVILLE FEDERAL CORRECTIONAL INST. | Prisoner No.: 54853-056 |
| UNITED STATES OF AMERICA V. | Movant *(include name under which convicted)* DEVONTRA TYSON |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA, (Eastern Division)

   (b) Criminal docket or case number (if you know): 4:10-cr-00049-FL-2

2. (a) Date of the judgment of conviction (if you know): 03-18-11

   (b) Date of sentencing: 03/18/11

3. Length of sentence: 157 months

4. Nature of crime (all counts): Count (1)- Attempted Hobbs Act Robbery; Aiding and abetting. Count (2)- Use Carrying of a firearm during and in relation to a crime of violence, or possessing firearm infurtherance of the crime; Aiding and abetting.

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to? N/A

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☐

8. Did you appeal from the judgment of conviction?     Yes ☐     No ☒

9.  If you did appeal, answer the following:

(a)  Name of court:  N/A

(b)  Docket or case number (if you know):  N/A

(c)  Result:  N/A

(d)  Date of result (if you know):  N/A

(e)  Citation to the case (if you know):  N/A

(f)  Grounds raised:  N/A

(g)  Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☒

If "Yes," answer the following:

(1)  Docket or case number (if you know):  N/A

(2)  Result:  N/A

(3)  Date of result (if you know):  N/A

(4)  Citation to the case (if you know):  N/A

(5)  Grounds raised:  N/A

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☒     No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:  UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NORTH CAROLINA,

(2) Docket or case number (if you know):  Criminal Case No. 4:10-CR-49-FL-2, Civil No. 4:13-CV-183-FL

(3) Date of filing (if you know):  8-2-13

(4)  Nature of the proceeding:  §2255 proceeding

(5)  Grounds raised:  The Supreme Court's decision in Alleyne v. United States,- U.S.-, 133 S. Ct. 2151 (2013) invalidated his conviction and sentence because he was "erroneously enhanced for discharging the firearm which increased his mandatory minimum to 10 years."

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐    No ☒

(7) Result:  Denied

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket of case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐    No ☒

(7) Result:  N/A

(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:       Yes ☐       No ☒

(2) Second petition:   Yes ☐       No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Did not feel that it was necessary.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**   Whether the Conviction in count two of my indictment should stand in

light of the Supreme Court recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015)

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was convicted for violating Title 18 U.S.C. §924(c), such conviction rested upon

the §924(c) residual clause that is no longer applicable in light of the U.S.

Supreme Court decision in Johnson.

    (b) **Direct Appeal of Ground One:**

       (1)  If you appealed from the judgment of conviction, did you raise this issue?

          Yes ☐     No ☒

       (2)  If you did not raise this issue in your direct appeal, explain why:

       'Unknown until the Supreme Court decision'

    (c) **Post-Conviction Proceedings:**

       (1)  Did you raise this issue in any post-conviction motion, petition, or application?

          Yes ☐     No ☒

       (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):  N/A

Date of the court's decision:  N/A

Result (attach a copy of the court's opinion or order, if available):

                N/A

       (3)  Did you receive a hearing on your motion, petition, or application?

          Yes ☐     No ☒

       (4)  Did you appeal from the denial of your motion, petition, or application?

          Yes ☐     No ☒

       (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

          Yes ☐     No ☒

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

   N/A

Docket or case number (if you know):     N/A

Date of the court's decision:     N/A

Result (attach a copy of the court's opinion or order, if available):

        N/A

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

        N/A

**GROUND TWO:**          N/A

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

        N/A

(b)  **Direct Appeal of Ground Two:**

   (1)   If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐          No ☐

   (2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

   (1)   Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐          No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):          N/A

Date of the court's decision:                 N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☒

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☒

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☒

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):      N/A

Date of the court's decision:  N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:                  N/A

**GROUND THREE:**                 N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

                  N/A

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☒

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: N/A

    Name and location of the court where the motion or petition was filed:

                  N/A

    Docket or case number (if you know):    N/A

    Date of the court's decision:    N/A

    Result (attach a copy of the court's opinion or order, if available):

                  N/A

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☒

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

                  N/A

    Docket or case number (if you know):    N/A

    Date of the court's decision:    N/A

    Result (attach a copy of the court's opinion or order, if available):

                  N/A

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:     N/A

---

**GROUND FOUR:**          N/A

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

N/A

(b)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:

N/A

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:     N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):     N/A

Date of the court's decision:          N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): _____ N/A

Date of the court's decision: _____ N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ground one was not raised due to such issue becoming newly recognized by the Supreme Court.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:

N/A

(b) At the arraignment and plea:

Sherri R. Alspaugh

(c) At the trial:

N/A

(d) At sentencing:

Sherri R. Alspaugh

(e) On appeal:

N/A

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☐          No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:  N/A

(c) Give the length of the other sentence:  N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☒          No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The one year of limitation as set forth in §2255 does not apply, because the

issue presented was rendered less than one year ago.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
      (1)   the date on which the judgment of conviction became final;
      (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate, set aside, and or correct petitioner's sentence
or any other relief to which movant may be entitled.

N.|A
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ .

(month, date, year)

Executed (signed) on _____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-772

In re:

DEVONTA ARNEZ TYSON,

Movant.

**AMENDED** MOTION UNDER 28
U.S.C. § 2244 FOR ORDER
AUTHORIZING DISTRICT COURT TO
CONSIDER SECOND OR SUCCESSIVE
APPLICATION FOR RELIEF UNDER 28
U.S.C. § 2255

Petitioner, Mr. DEVONTA ARNEZ TYSON, through undersigned counsel, respectfully

requests that this Court, pursuant to 28 U.S.C. § 2244(b)(3), authorize him to file a second or

successive motion under 28 U.S.C. § 2255(h)(2). Mr. Tyson makes this request so that he may

immediately assert a challenge to his conviction under 18 U.S.C. § 924(c), based on *Johnson v.*

*United States*, 135 S. Ct. 2551 (2015), which held that the residual clause in the Armed Career

Criminal Act (ACCA) (18 U.S.C. § 924(e)(2)(B)(ii))—a clause that is virtually identical to the

residual clause in 18 U.S.C. § 924(c)(3)(B)—is unconstitutionally vague. As explained below,

Mr. Tyson makes a *prima facie* showing, as required by 28 U.S.C. §§ 2244(b)(3) and 2255(h)(2),

that his claim relies on a "new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable," and this Court should allow the

district court an opportunity to consider the merits of his application.

**INTRODUCTION**

On December 15, 2010, Mr. Tyson pleaded guilty to attempted interference with

commerce by robbery (Hobbs Act robbery) in violation of 18 U.S.C. § 1951 and using and

carrying a firearm during and in relation to a crime if violence in violation of 18 U.S.C. §

1

924(c)(1).  On March 18, 2011, the district court sentenced Mr. Tyson to a term of 37 months' imprisonment on the attempted robbery, followed by a consecutive 120 month term for his §924(c) conviction.

Mr. Tyson now seeks to challenge his § 924(c) conviction based on the Supreme Court's holding in *Johnson* that the residual clause is unconstitutionally vague.  Mr. Tyson's § 924(c) conviction presupposes that the underlying offense, attempted Hobbs Act robbery, can be classified as a crime of violence.  This offense can only be classified as a crime of violence under the residual clause of § 924(c).  Where the language of § 924(c)'s residual clause is nearly identical to the language invalidated in *Johnson,* allowing Mr. Tyson's conviction to stand violates his due process rights.  After *Johnson,* an offense qualifies as a crime of violence only if it falls within the "force clause" of § 924(c)(3)(A).  Mr. Tyson's conviction for attempted Hobbs Act robbery does not qualify under the "force clause" as a crime of violence.

Because Mr. Tyson has previously pursued a collateral attack on his conviction and sentence, he must first seek authorization from this Court to file a successive petition.  28 U.S.C. § 2244(b)(3).  This Court may authorize the filing of a second or successive application when the petitioner makes a *prima facing* showing that his proposed claim relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable."  28 U.S.C. §§ 2244(b)(3), 2255(h)(2).

Because *Johnson* announced a new substantive rule of constitutional law that has been made retroactive by the Supreme Court, Mr. Tyson can make a *prima facie* showing that he is entitled to pursue a successive § 2255 petition.

## PROCEDURAL HISTORY

### A.    Guilty Plea and Sentencing

On December 15, 2010, Mr. Tyson pleaded guilty to attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951 and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). On March 18, 2011, the district court sentenced Mr. Tyson to 37 months for the attempted Hobbs Act robbery, followed by a 120 month consecutive term for the § 924(c) conviction. Mr. Tyson's conviction under § 924(c) and 120 month sentence was based on the attempted Hobbs Act robbery being the underlying crime of violence. Mr. Tyson did not appeal.

**B.**     **Previous 2255 Petition**

On August 2, 2013, Mr. Tyson filed a motion under 18 U.S.C. § 2255, arguing that his ten year sentence for § 924(c) was imposed in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). On May 15, 2015, the district court granted the government's motion to dismiss, dismissed Mr. Tyson's § 2255 motion, and denied a certificate of appealability.

**C.**     *Johnson v. United States*

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 131 S. Ct. 2267 (2015). The Supreme Court declared the residual clause of the ACCA, defining a "crime of violence" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), to be "unconstitutionally vague" because the "indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* The Court held the residual clause "vague in all its applications," *id.* at 2561, and overruled its contrary decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011).

**1. *Johnson* applies to the residual clause in 18 U.S.C. § 924(c)(3)(B).**

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. Under *Johnson*, § 924(c)'s materially indistinguishable residual clause (§ 924(c)(3)(B)) must similarly fall. Indeed, two circuit courts have already held that an identical residual clause—18 U.S.C § 16(b)—may not stand in light of *Johnson*. *See United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). Moreover, relying on the same reasoning as these circuit courts, several district courts have struck § 924(c)'s residual clause as unconstitutionally vague. *See United States v. Edmundson*, 2015 WL 9582736 (D. Md. Dec. 30, 2015); *United States v. Bell*, No. 15-CR-00258, 2016 WL 344749, (N.D. Cal. Jan. 28, 2016); *United States v. Lattanaphom*, No. CR 2:99-00433, 2016 WL 393545 (E.D. Cal. 2016); *but see United States v. Taylor*, 2016 WL 537612 (6th Cir. 2016)(2-1 decision holding *Johnson* does not apply to § 924(c)(3)(B)). This Court should do the same and find that Hobbs Act robbery cannot be a "crime of violence" under the residual clause.

As further discussed below, the language and analysis of § 924(c)'s residual clause is so similar to that of the ACCA's residual clause as to suffer from the same constitutional defects. Without the residual clause, Mr. Tyson's § 924(c) conviction cannot stand.

From the holding in *Johnson* that the residual clause in the ACCA is unconstitutionally vague, it follows that the residual clause of § 924(c) is also unconstitutionally vague. Although § 924(e)(2)(B)(ii) and § 924(c)(3)(B) are not identical, the risk-based language in both statutes is similar. In pertinent part, the ACCA's residual clause defines a "violent felony" as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to

another," while § 924(c)(3)(B) defines a "crime of violence" as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The differences in these statutes is immaterial to the due process problem."[1] The Court's holding in *Johnson* did not turn on the type of risk, but the inquiry a court must undertake to assess and quantify the risk.

This inquiry is the same under both the ACCA and § 924(c). Both statutes require courts to picture the "ordinary case" embodied by a felony, then decide if it qualifies as a crime of violence by assessing the risk posed by the "ordinary case" using a categorical approach. *Compare United States v. Serafin*, 562 F.3d 1105, 1108 (10th Cir. 2009) (conducting categorical analysis of § 924(c)(3)(B)), *with United States v. Silva*, 608 F.3d 663, 669 (10th Cir. 2010) (applying "categorical approach" to determine if prior offense was crime of violence under ACCA). This analytical step is identical to that which caused the downfall of the ACCA's residual clause. *See Johnson*, 135 S. Ct. at 2557. Thus, § 924(c)(3)(B) cannot survive constitutional scrutiny under the due process principles reaffirmed in *Johnson*. The residual clauses in both statutes contain the same flaw. If anything, the absence of a list of enumerated, comparable crimes in § 924(c)(3) means this statute provides even less direction than the residual clause of the ACCA. As a consequence, the residual clause of § 924(c) cannot be used to support a conviction under the same statute.

> **2. Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A).**

---

[1] *See Jimenez-Gonzalez v. Mukasey*, 548 F.3d 557, 562 (7th Cir. 2008) (noting that, "[d]espite the slightly different definitions," the Supreme Court's respective analyses of the ACCA and § 16(b) "perfectly mirrored" each other); *see also United States v. Bauer*, 990 F.2d 373, 374 (8th Cir. 1993) (per curiam) (describing differences between statutes as immaterial and noting interpretation of U.S.S.G. § 4B1.2, which uses ACCA language, "is controlled by" decision interpreting § 16(b)).

The question then becomes whether Mr. Tyson's offense qualifies as a predicate under the other prong of § 924(c)'s crime of violence definition: the "force clause" of § 924(c)(3)(A). As shown below, it does not.

Section 924(c)(3)(A) encompasses any offense that "has an element the use, attempted use, or threatened us of physical force against the person or property of another." The physical force required under this definition is not just any force, no matter how minimal. Rather it is "violent force," i.e., "strong physical force" that is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

The term "physical force" used in § 924(c)(3)(A) has the meaning given to it by the Supreme Court's decision in *Johnson (2010)* in which the Court held that the phrase "physical force" means "violent force," i.e., "strong physical force" that is "capable of causing physical pain or injury to another person." 559 U.S. at 140. If an offense can be committed without the use of this type of force; that is, if it can be committed through the use of de minimis force or with no physical force at all, it does not qualify as a crime of violence for purposes of § 924(c). As shown below, Hobbs Act robbery is precisely this type of offense. It can be committed with the use of physical force and therefore may not serve as a § 924(c) predicate.

Hobbs Act robbery categorically fails to qualify as a "crime of violence" under § 924(c)(3)(A) because it may be committed by placing another in "fear of injury" to either his person or his property. Such fear may be instilled without threatening the type of strong physical force described in *Johnson* (2010). Property, for instance, may clearly be injured with only de minimis force. Moreover, such "fear of injury" may be instilled without the threat of *any* physical force at all because it is possible to threaten to inflict injury through non-physical means. *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012). Accordingly, Hobbs Act

6

robbery does not categorically require as an element the use of force, either actual, attempted, or threatened. For this reason, it is not a crime of violence within the meaning of § 924(c)(3)(B).

## LEGAL STANDARD

**Mr. Tyson's petition for permission to file a successive motion in the district court under § 2255 should be granted because his petition depends on *Johnson*, and *Johnson* announced a new, previously unavailable constitutional rule which has been made retroactive by the Supreme Court.**

I.      **Mr. Tyson makes a sufficient showing of possible merit to warrant fuller exploration by the district court.**

The gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act, as set forth in § 2255(h)(2), allow a prisoner to apply for leave to file a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Under this provision, a federal prisoner must make a *prima facie* showing that the petition to be filed is based on a (1) previously unavailable (2) new rule (3) of constitutional law that (4) has been made retroactive by the Supreme Court to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 662 (2001).

This Court's review at the authorization stage is strictly limited to these substantive gatekeeping requirements. 28 U.S.C. § 2244(b)(3)(C). A prima facie showing in this context is "'simply a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *In re Williams*, 330 F.3d 277, 21 (4th Cir. 2003) (*quoting Bennett v. United States*, 119 F.3d 468, 469-70 (7th Cir. 1997)). A "[sufficient] showing of possible merit . . . related to the possibility that the claims in a successive application will satisfy 'the stringent requirements for the filling of a second or successive petition,' not the possibility that the claims will ultimately warrant a decision in favor of the applicant in this context does not refer to the merits of the claims asserted in the petition. *In re Williams*, 330 F.3d at 282. As further detailed below, Mr.

Tyson easily satisfies the gatekeeping requirements of § 2255(h)(2).

**A. *Johnson* announced a previously unavailable new rule of constitutional law.**

First, the Supreme Court's decision in *Johnson* announced a new rule. As the Supreme Court explained in *Welch*, "[i]t is undisputed that *Johnson* announced a new rule." *Welch v. United States*, 2016 WL 1551144, at *7 (Apr. 18, 2016) (citing *Teague v. Lane*, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final")).

Second, there is no question that *Johnson* announced a rule "of constitutional law." *Johnson* expressly holds that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563.. It declared that the residual clause is unconstitutionally vague and that the Due Process Clause forbids any use of it in increasing a defendant's sentence. *Johnson*, 135 S. Ct. at 2563; *see also Welch*, 2016 WL 1554411, at *3 ("The *Johnson* Court held the residual clause unconstitutional under the void-for-vagueness doctrine, a doctrine that is mandated by the Due Process Clauses of the Fifth Amendment (with respect to the Federal Government) and the Fourteenth Amendment (with respect to the States).").

Finally, the rule in *Johnson* was not previously available to Mr. Tyson. In both *James*, 550 U.S. at 210 n.6, and *Sykes*, 131 S. Ct. at 2276-77, the Court rejected suggestions by the dissenting Justices that the residual clause was unconstitutionally vague. Until *Johnson* was decided, any successive collateral attack on this basis was foreclosed.

**B. *Johnson* has been made retroactive by the Supreme Court.**

The Supreme Court has made *Johnson* retroactive by holding in *Welch v. United States*, __ S. Ct. __, 2016 WL 1551144 (Apr. 18, 2016), that *Johnson* announced a "substantive rule that

8

has retroactive effect in cases on collateral review." *Welch*, 2016 WL 1551144, at \*11. The Court explained that "whether a new rule is substantive or procedural" is determined "by considering the function of the rule," *id.* at \*8, which "depends [] on whether the new rule *itself* has a procedural function or a substantive function—that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons the law punishes," *id.* at \*9 (emphasis added).

Applying this test, the Court explained that "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Id.* at \*7 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). The Court concluded:

> The residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that "even the use of impeccable factfinding procedures could not legitimate" a sentence based on that clause. It follows that *Johnson* is a substantive decision.

*Id.* at \*7 (internal citation omitted). "By the same logic, *Johnson* is not a procedural decision" because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Armed Career Criminal Act," but instead "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." *Id.* at \*8.

Notably, the Court said nothing whatsoever to limit its holding or reasoning to ACCA cases. In fact, *Welch* made clear that the relevant "category" for retroactivity purposes is the "rule," not the kind of case in which it is invoked. The Court framed the question as whether the "new *rule* falls within one of the two *categories* that have retroactive effect under *Teague*," defined as "categories of *decisions*" that are "substantive *rules*" or "watershed *rules* of criminal procedure," *Welch*, 2016 WL 1551144, at \*6-7 (internal citations and quotation marks omitted)

(emphases added).

Accordingly, the substantive *rule* announced in *Johnson* is categorically retroactive to all cases in which it applies,[2] and, as demonstrated above, *Johnson* applies to both the Guidelines and to the residual clause in § 924(c)(3)(B). That *Johnson* applies retroactively to both statutory and Guidelines cases on collateral review is further supported by the fact that the Supreme Court granted *certiorari* for the purpose of vacating and remanding in light of *Johnson* in five cases involving collateral attacks where the prisoner was sentenced under the Guidelines.[3]

Indeed, every court of appeals that has decided the issue has held that new rules that narrow the ACCA's definition of "violent felony" by interpreting its terms apply retroactively to Guidelines cases on collateral review. *See United States v. Doe*, 810 F.3d 132, 154 & n.13 (3d Cir. 2015) (holding that *Begay v. United States*, 553 U.S. 137 (2008) applies retroactively in Guidelines cases, and noting that "[u]nder *Teague*, either a rule is retroactive or it is not"); *Narvaez v. United States*, 674 F.3d 621, 625-26 (7th Cir. 2011) (holding that *Begay* and *Chambers v. United States*, 555 U.S. 122 (2009) are "substantive decisions that 'prohibit[] a certain category of punishment for a class of defendants because of their status or offenses,'" and

---

[2] *See Davis v. United States*, 564 U.S. 229, 243 (2011) (retroactivity is a "categorical matter"); *Danforth v. Minnesota*, 552 U.S. 264, 266 (2008) ("New constitutional rules announced by [the Supreme] Court that [are substantive] must be applied in . . . all federal habeas corpus proceedings."). *In Teague v. Lane*, 489 U.S. 288 (1989), the Court held that new rules must be applied retroactively to all "similarly situated" defendants. *Id.* at 316. Defendants are "similarly situated" when they are at the same stage of the proceedings and rely on the same new rule. *Id.* at 315.

[3] *See Jones v. United States*, 136 S. Ct. 333 (2015) (vacating *Jones v. United States*, 597 F. App'x 1064 (11th Cir. 2015) (affirming denial of § 2255 motion)); *Denson v. United States*, 135 S. Ct. 2931 (2015) (vacating *Denson v. United States*, 569 F. App'x 710 (11th Cir. 2014) (same)); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (vacating *Beckles v. United States*, 579 F. App'x 833 (11th Cir. 2014) (same)); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (vacating order in *Wynn v. United States*, No. 13-4167 (6th Cir. Oct. 10, 2014) (same)); *Jones v. United States*, 135 S. Ct. 2944 (2015) (vacating order in *United States v. Jones*, No. 14-2882 (3d. Cir. Feb. 20, 2015) (denying certificate of appealability to appeal denial of § 2255 motion)).

thus apply retroactively in Guidelines cases); *Brown v. Caraway*, 719 F.3d 583, 594–95 (7th Cir. 2013) (same); *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011) (holding that decision limiting the definition of burglary under the ACCA is substantive because "it altered the conduct that substantively qualifies as burglary," and thus applies retroactively in Guidelines cases); *Rozier v. United States*, 701 F.3d 681 (11th Cir. 2012) (taking it "as a given, that the Supreme Court's" decision narrowing the ACCA's elements clause "is retroactively applicable" in Guidelines cases).[4]

The courts of appeals have followed the same approach regarding the rule announced in *Johnson*. The Seventh Circuit held in an ACCA case that by "prohibit[ing] 'a certain category of punishment for a class of defendants because of their status,'" *Johnson* "announced a new substantive rule" that is "categorically retroactive," *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015), and has since authorized numerous second or successive § 2255 motions in Guidelines cases because "*Johnson* announced a new substantive rule of constitutional law" that is "categorically retroactive." *Stork v. United States*, No. 15-2687, slip op. at 1 (7th Cir. Aug. 13, 2015); *see also Best v. United States*, No. 15-2417, slip op. at 1–2 (7th Cir. Aug. 5, 2015); *Swanson v. United States*, No. 15-2776, slip op. at 1 (7th Cir. Sept. 4, 2015); *Zollicoffer v. United States*, No. 15-3125, slip op. at 1 (7th Cir. Oct. 20, 2015); *Spells v. United States*, No. 15-3252, slip op. at 1 (7th Cir. Oct. 22, 2015). The Sixth Circuit also held in an ACCA case that *Johnson* announced a substantive rule that is "categorically retroactive" to cases on collateral review, *see In re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015), and has since authorized second or successive

---

[4] *Cf. United States v. McLamb*, 1996 WL 79438, at \*3 n.4 (4th Cir. 1996) ("*Teague* does not bar the retroactive application on collateral review of a decision concerning the reach of a federal statute, or as here, a sentencing guideline."); *Oliver v. United States*, 90 F.3d 177, 179 & n.2 (6th Cir. 1996) (holding that decision requiring courts to calculate guideline range based on actual weight of harvested marijuana plants was "not barred by *Teague*" because it did not announce a "rule of criminal procedure").

§ 2255 motions in Career Offender cases because *Johnson* announced "a new, retroactively applicable, rule of constitutional law." *In re Grant*, No. 15-5795, slip op. at 2 (6th Cir., March 7, 2016); *see also In re Swain*, No. 15-2040, slip op. at 3-4 (6th Cir. Feb. 22, 2016); *In re Homrich*, No. 15-1999, slip op. at 2-3 (6th Cir. March 28, 2016). And the Eleventh Circuit held in a Guidelines case that *Johnson* is substantive because "it narrowed the scope of section 924(e) by interpreting its terms" and "narrowed the class of people who are eligible for an increased sentence under the [ACCA]," *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015) (internal citations and punctuation omitted), and noted that if petitioner were "seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively," *id.* at 991. While the Eleventh Circuit believed that the Supreme Court had not "made" *Johnson* retroactive for purposes of a second or successive motion, *id.*at 989-90, the Supreme Court has now overturned that part of the decision by explicitly holding in *Welch* that the rule announced in *Johnson* is retroactive on collateral review.

**II.     Mr. Tyson is entitled to certification under 28 U.S.C. § 2255(h)(2).**

Mr. Tyson has made a "prima facie showing," 28 U.S.C. § 2244(b)(3)(C), that *Johnson* announced a new and previously unavailable rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. His application therefore satisfies the gatekeeping requirements of § 2255(h)(2).

WHEREFORE, because Mr. Tyson has presented a *prima facie* showing of a tenable claim that all the requirements of § 2255(h)(2) are satisfied, he respectfully requests that his motion be granted and that he be allowed forthwith to file his 28 U.S.C § 2255 motion before the district court.

Respectfully submitted this 26th day of May, 2016.

THOMAS P. McNAMARA
Federal Public Defender

*/s/ Sherri Royall Alspaugh*
SHERRI ROYALL ALSPAUGH
Assistant Federal Public Defender
Chief Trial Attorney
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Sherri_Alspaugh@fd.org
N.C. State Bar No. 17581
LR 57.1 Counsel
Appointed

*CERTIFICATE OF SERVICE*

I certify that I filed and served the foregoing Amended Motion for Appointment of Counsel electronically with the Clerk of Court for the Fourth Circuit Court of Appeals using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF users: Seth Morgan Wood, Assistant United States Attorney for the Eastern District of North Carolina, counsel for Respondent-United States Government.

Service was made on Mr. Tyson by U.S. Mail.

Devonta Arnez Tyson
REG. NO. 54853-056
FCI Bennettsville
Federal Correctional institution
P.O. Box 52020
Salters, SC 29512

This the 26th day of May, 2016.

/s/ Sherri Royall Alspaugh
SHERRI ROYALL ALSPAUGH
Assistant Federal Public Defender
Chief Trial Attorney
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Sherri_Alspaugh@fd.org
N.C. State Bar No. 17581
LR 57.1 Counsel
Appointed

14

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Eastern District of North Carolina |
|---|---|---|
| Name *(under which you were convicted)*:<br>DEVONTRA TYSON | | Docket or Case No.:<br>4:10-CR-49-FL-2 |
| Place of Confinement:<br>BENNETTSVILLE FCI | Prisoner No.:<br>54853-056 | |
| UNITED STATES OF AMERICA | V. | Movant *(include name under which convicted)*<br>DEVONTRA TYSON |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA
    413 MIDDLE STREET
    NEW BERN, NORTH CAROLINA  28560

    (b) Criminal docket or case number (if you know):  4:10-CR-49-FL-2

2.  (a) Date of the judgment of conviction (if you know):  3/28/2011

    (b) Date of sentencing:  3/18/2011

3.  Length of sentence:  157 MONTHS IMPRISONMENT; 5 YEARS SUPERVISED RELEASE

4.  Nature of crime (all counts):

    COUNT 1: ATTEMPTED ROBBERY OF A BUSINESS IN INTERSTATE COMMERCE AND AIDING AND
    ABETTING IN VIOLATION OF 18 U.S.C. §§ 1951 AND 2.
    COUNT 2: USING AND CARRYING A FIREARM DURING AND IN RELATION TO A CRIME OF
    VIOLENCE AND AIDING AND ABETTING IN VIOLATION OF 18 U.S.C. §§ 924(c)(1)(A) AND 2.

5.  (a) What was your plea?  (Check one)

    (1) Not guilty ☐          (2) Guilty ☑          (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
    what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have?  (Check one)          Jury ☐          Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?          Yes ☐          No ☐

8.  Did you appeal from the judgment of conviction?          Yes ☐          No ☑

9.   If you did appeal, answer the following:

   (a) Name of court: _____

   (b) Docket or case number (if you know): _____

   (c) Result: _____

   (d) Date of result (if you know): _____

   (e) Citation to the case (if you know): _____

   (f) Grounds raised:




   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☐

      If "Yes," answer the following:

      (1) Docket or case number (if you know): _____

      (2) Result: _____

      (3) Date of result (if you know): _____

      (4) Citation to the case (if you know): _____

      (5) Grounds raised:




10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

   Yes ☑   No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court:   US DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

      (2) Docket or case number (if you know):   4:13-CV-00183

      (3) Date of filing (if you know):   8/2/2013

      (4)  Nature of the proceeding:   MOTION TO VACATE PURSUANT TO 18 U.S.C. SEC. 2255

      (5)  Grounds raised:   MANDATORY MINIMUM SENTENCE OF 10 YEARS WAS ERRONEOUS IN LIGHT OF ALLEYNE V. UNITED STATES, 113 S. CT. 2151 (2013).

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐          No ☑

(7)   Result:   MOTION TO DISMISS GRANTED AND § 2255 DISMISSED.

(8)   Date of result (if you know):  5/12/2015

(b)  If you filed any second motion, petition, or application, give the same information:

(1)   Name of court:

(2)   Docket of case number (if you know):

(3)   Date of filing (if you know):

(4)   Nature of the proceeding:

(5)   Grounds raised:

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐          No ☐

(7)   Result:

(8)   Date of result (if you know):

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)   First petition:        Yes ☐          No ☑

(2)   Second petition:     Yes ☐          No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:** MR. TYSON'S SENTENCE IS UNCONSTITUTIONAL AS HE WAS IMPROPERLY ENHANCED AS A CAREER OFFENDER AFTER JOHNSON V. U.S.

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

IN LIGHT OF THE SUPREME COURT'S DECISION IN JOHNSON, MR. TYSON'S CONVICTIONS FOR HOBBS ACT ROBBERY DOES NOT QUALIFY UNDER THE "FORCE CLAUSE" AS A CRIME OF VIOLENCE. HOBBS ACT ROBBERY CATEGORICALLY FAILS TO QUALIFY AS A "CRIME OF VIOLENCE" UNDER § 924 (c)(3)(A) BECAUSE THAT OFFENSE CAN BE COMMITTED WITHOUT THE USE OF THE TYPE OF FORCE REQUIRED BY § 924(c)(3)(A). BECAUSE MR. TYSON DID NOT USE A FIREARM DURING A CRIME VIOLENCE AS THAT TERM IS DEFINED BY § 924(c), HIS CONVICTION OF THIS OFFENSE MUST BE VACATED.

    (b) **Direct Appeal of Ground One:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?

            Yes ☐     No ☐

        (2) If you did not raise this issue in your direct appeal, explain why:

    (c) **Post-Conviction Proceedings:**

        (1) Did you raise this issue in any post-conviction motion, petition, or application?

            Yes ☐     No ☐

        (2) If you answer to Question (c)(1) is "Yes," state:

        Type of motion or petition: _____

        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know): _____

        Date of the court's decision: _____

        Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion, petition, or application?

            Yes ☐     No ☐

        (4) Did you appeal from the denial of your motion, petition, or application?

            Yes ☐     No ☐

        (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

            Yes ☐     No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

_____

_____

**GROUND TWO:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Two:**

   (1)   If you appealed from the judgment of conviction, did you raise this issue?
         Yes ☐        No ☐

   (2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

   (1)   Did you raise this issue in any post-conviction motion, petition, or application?
         Yes ☐        No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision:

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:

_____

**GROUND THREE:** _____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

(b) **Direct Appeal of Ground Three:**

    (1)   If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐        No ☐

    (2)   If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1)   Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐        No ☐

    (2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

    (3)   Did you receive a hearing on your motion, petition, or application?

        Yes ☐        No ☐

    (4)   Did you appeal from the denial of your motion, petition, or application?

        Yes ☐        No ☐

    (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐        No ☐

    (6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FOUR:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

(b)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

GROUND ONE WAS NOT RAISED PREVIOUSLY BECAUSE THERE WAS NO CASE LAW TO SUPPORT RELIEF.

_____

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?        Yes ☐        No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:
FEDERAL PUBLIC DEFENDER

(b) At the arraignment and plea:
SHERRI R. ALSPAUGH, ASSISTANT FEDERAL PUBLIC DEFENDER

(c) At the trial:

(d) At sentencing:
SHERRI R. ALSPAUGH, ASSISTANT FEDERAL PUBLIC DEFENDER

(e) On appeal:

(f) In any post-conviction proceeding:
PRO SE

(g) On appeal from any ruling against you in a post-conviction proceeding:

16.  Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☐          No ☑

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

THE ONE-YEAR STATUTE OF LIMITATIONS HAS NOT RUN BECAUSE THE ONE YEAR CLOCK SHOULD BEGIN FROM THE TIME THE U. S. SUPREME COURT RENDERED ITS DECISION IN JOHNSON V. UNITED STATES, ON JUNE 26, 2015.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

VACATE HIS SENTENCE AND CONDUCT A NEW SENTENCING HEARING.

or any other relief to which movant may be entitled.

_____/s/ Sherri Royall Alspaugh_____
                                   Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____5/26/2016_____.
                                                                                                            (month, date, year)

Executed (signed) on _____5/26/2016_____ (date)

_____/s/ Sherri Royall Alspaugh_____
                                   Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

APPOINTED ATTORNEY IS FILING THIS MOTION ON PETITIONER'S BEHALF.