# No. 16-10670

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

In Re ORLANDO CORDIA HALL,
*Movant*.

## MR. HALL'S REPLY
## IN SUPPORT OF MOTION FOR AUTHORIZATION
## TO FILE SUCCESSIVE PETITION UNDER 28 U.S.C. § 2255

THIS IS A CAPITAL CASE

**ROBERT C. OWEN**
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611
312-503-0135 voice
312-503-8977 fax
robert.owen@law.northwestern.edu

**MARCIA A. WIDDER**
Louisiana Bar No. 23367
303 Elizabeth Street, NE
Atlanta, GA 30307
404-222-9202 voice
marcy.widder@garesource.org

**NAOMI A. IGRA**
California Bar No. 269065
Sidley Austin, LLP
555 California Street, Suite 2000
San Francisco, CA 94104
415-772-1200 voice
415-772-7400 fax
naomi.igra@sidley.com

Movant Orlando Cordia Hall respectfully submits this reply in support of the 28 U.S.C. § 2244(b) motion he filed on May 25, 2016. The government filed an opposition on June 10, 2016 ("Opp.").

## ARGUMENT

### Mr. Hall's § 2244(b) Motion Should Be Granted Because He Has Satisfied AEDPA's Gatekeeping Requirements.

To obtain leave from this Court to file a successive § 2255 motion raising a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Hall need make only "a prima facie showing" that his proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(3)(C), 2255(h)(2). Contrary to the government's contentions—which confuse the respective roles assigned by Congress to this Court and the district court—this Court will not assess the merits of Mr. Hall's *Johnson* claim at this stage. *See, e.g.*, *In re Wood*, No. 14-11374, 2016 WL 2772275, at *2 (5th Cir. May 12, 2016) (*per curiam*) (citing *In re Campbell*, 750 F.3d 523, 530 (5th Cir. 2014)). Instead, it will make a tentative determination whether Mr. Hall has satisfied the gatekeeping requirements of § 2244(b). If so, then this Court will authorize his filing of a successive § 2255 motion. Thereafter, before addressing the merits, the district court will independently assess whether Mr. Hall's *Johnson* claim, made retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016),

1

satisfies the requirements of § 2244(b). *See Brown v. Lensing*, 171 F.3d 1031, 1032 (5th Cir. 1999) (citing 28 U.S.C. § 2244(b)(4)).

> **a. The fact that five other Circuits have authorized successive 2255 motions by prisoners like Mr. Hall, who seek to bring a *Johnson* claim challenging the constitutionality of the residual clause of 18 U.S.C. § 924(c), powerfully suggests that this Court's threshold examination should lead to the same result.**

Mr. Hall has made the requisite prima facie showing, as illustrated by the fact that five other Circuits have authorized successive § 2255 motions by prisoners who, like Mr. Hall, seek to bring a *Johnson* claim challenging the constitutionality of the residual clause of 18 U.S.C. § 924(c). *See Berry v. United States*, No. 16-71332 (9th Cir. June 2, 2016) (*per curiam*) (attached); *In re Pinder*, No. 16-12084, 2016 WL 3081954, at *2 (11th Cir. June 1, 2016) (*per curiam*) (attached);[1] *In re Tyson*, No. 16-772 (4th Cir. May 31, 2016) (*per curiam*) (attached); *In re Chapman*, No. 16-246 (4th Cir. May 3, 2016) (*per curiam*) (attached); *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (*per curiam*) (attached); *Freeman v. United States*, No. 15-3687 (2d Cir. Jan.26, 2016) (*per curiam*) (attached); *but see Turner v. United States*, No. 16-1145 (1st Cir. May 4, 2016) (*per curiam*).[2]

No doubt, "[t]he 30-day time frame for decisions [under 28 U.S.C. §

---

[1] We note that *Pinder*, unlike the other authorization orders cited here, is a published decision.

[2] Annexed to the authorization orders in *Berry* and *Tyson* are the proposed successive § 2255 motions in both cases, which make plain that the cases implicate 18 U.S.C. § 924(c).

2244(b)(3)(D)] is evidence that Congress generally intended the courts of appeals, acting as gatekeepers, to make a quick up-or-down determination after comparing the defendant's allegations to the statutory conditions for authorization without the need to undertake difficult legal analysis." Opp. at 13-14 (citations omitted). But despite acknowledging that at this stage "the courts of appeals are not asked to conduct a plenary merits review," Opp. at 13, the government then effectively asks this Court to conduct such a merits review to determine whether *Johnson* actually invalidates § 924(c). See Opp. at 10-19. Doing so would be flatly inconsistent with the preliminary role that § 2244(b) assigns to this Court during this 30-day period. Section 2244(b)(3), in contrast, requires only that this Court determine whether the *Johnson* holding reasonably *could* apply to § 924(c), leaving it to the district court to decide *de novo* whether it *actually* applies. *See, e.g.*, *In re Swearingen*, 556 F.3d 344, 347 (5th Cir. 2009) (observing that 2244(b)(2)'s *prima facie* element is satisfied by "a sufficient showing of possible merit to warrant a fuller exploration by the district court") (citation omitted).

The fact that many other Courts would authorize Mr. Hall's *Johnson* motion counsels strongly in favor of authorizing further proceedings here. *See also* Opp. at 14-15 (noting the split).[3] Under 28 U.S.C. § 2244(b)(3)(E), a denial of

---

[3] The government attempts to minimize the significance of the multiple Circuit decisions authorizing further proceedings on successive § 2255 applications challenging 18 U.S.C. § 924(c) based on *Johnson*, complaining that in two of those cases the court of appeals did not

authorization is "not ... appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari," potentially foreclosing all further review. Given those consequences in this capital case, the Court should exercise caution in denying authorization at this early juncture, especially where it is tasked only with "mak[ing] a quick up-or-down determination." Opp. at 13. The claim presented is one that four other Circuits have declared at least potentially available to similarly situated federal prisoners, and Mr. Hall's life is at stake. *See Kyles v. Whitley*, 514 U.S. 419, 422 (1995) (a court's "duty to search for constitutional error with painstaking care is never more exacting than it is in a capital case").

Granting Mr. Hall's § 2244(b) motion will allow the district court to make an independent determination, unconstrained by a 30-day deadline, as to whether Mr. Hall's *Johnson* claim satisfies the requirements of § 2244(b). *See, e.g.*, *Swearingen*, 556 F.3d at 347 ("before addressing the merits of the successive petition, the district court must independently determine whether the petition actually satisfies the stringent § 2244(b)(2) requirements.") Its decision will be appealable in the ordinary course, allowing for an orderly and deliberate resolution

---

have "the benefit of a response from the United States." Opp. at 15 n. 2. In so objecting, the government ignores its own acknowledgment two pages earlier that Congress intentionally created a screening procedure for authorization decisions that is "truncated [and] often non-adversarial," so no special significance should attach to the fact that those decisions were reached without the government's input. Opp. at 13. Moreover, the United States in one case (*Freeman*, in the Second Circuit) did not oppose authorization, and the Seventh Circuit authorized in *Ruiz* even with the "benefit of a response from the United States" opposing authorization. Finally, neither 28 U.S.C. § 2244(b)(3)(C) nor 28 U.S.C. § 2255(h)(2) makes whether the United States chooses to file a brief a relevant factor for the Court's consideration.

of this important issue. The government's invitation that this Court rush to judgment is contrary to the statutory scheme and must be rejected.

**b. The government's reliance on *Stine* and *Neville* is misplaced.**

The government errs in asserting that *In re Stine*, No. 16-40505 (5th Cir. June 2, 2016) (per curiam), supports denying authorization here. *See* Opp. at 6, 10-12. In *Stine*, a divided panel of this Court denied leave to file a successive § 2255 motion raising a *Johnson* challenge to the residual clause of a statute Mr. Hall does not invoke, namely a sentencing guideline provision, U.S.S.G. § 4B1.2(a)(2). The majority's reasoning in *Stine* turned on whether an *advisory* sentencing guideline is susceptible to the same *Johnson* challenge as a *mandatory* sentence-enhancement statute. The majority held that it is not, reasoning that the "Supreme Court [has not] held that a Sentencing Guidelines enhancement that increases the guidelines range implicates the same due process concerns as a statute that increases a statutory penalty." *Stine*, slip op. at 2. The dissent, on the other hand, maintained that "the Guidelines are subject to constitutional challenge notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Id.* at 3 (Graves, J., dissenting) (internal quotation marks omitted). Whatever the resolution of the sentencing-guidelines debate that played out in *Stine,* that dispute has no bearing on Mr. Hall's case, which asks whether *Johnson*'s invalidation of § 924(e) governs § 924(c), a neighboring subsection of

the same statute in which Congress used materially indistinguishable language.[4]

The government's reliance on *In re Neville*, 440 F.3d 220 (5th Cir. 2006) (*per curiam*), is similarly misplaced. *See* Opp. at 6, 12. In that case, the Court denied a state prisoner leave to file a successive § 2254 motion claiming that, taken together, *Atkins v. Virginia*, 536 U.S. 304 (2002), which barred executing intellectually disabled defendants, and *Roper v. Simmons*, 543 U.S. 551 (2005), which barred executing juveniles, meant that the government could not execute an entirely different category of people, *mentally ill adults*. *See Neville*, 440 F.3d at 221. Understandably, this Court held that the putative new rule which the prisoner sought to have the Court declare did not yet exist. *Id.* But mental illness is qualitatively different from intellectual disability, and juveniles are qualitatively different from adults. And *Atkins* and *Simmons* both rested on analysis of complex indicia to determine the existence of a national consensus about the appropriateness of a particular punishment for a particular class of offenders. By

---

[4] In relying on *Stine*, moreover, the government conspicuously fails to acknowledge a split within the Circuit on this issue – indeed, more panels of this Court have *granted* leave to file successive § 2255 motions raising *Johnson* claims against U.S.S.G. § 4B1.2(a)(2) than have denied it, as in *Stine*. *See, e.g.*, *In re Holston*, No. 16-50213, slip op. at 2 (5th Cir. May 17, 2016) (per curiam) ("Without expressing an opinion regarding the merits of Holston's claims or whether *Johnson* applies to § 4B1.2(a)(2), we conclude that Holston has made a sufficient showing of possible merit to warrant a fuller exploration by the district court.") (internal quotation marks omitted); *In re Rodriguez*, 16-10393, slip op. at 2 (5th Cir. May 17, 2016) (same). Having thus given other prisoners the opportunity to pursue *Johnson* claims challenging an analogous provision of the sentencing guidelines, it would be intolerably arbitrary for the Court to deny equal treatment in a capital case challenging the very same statute *Johnson* invalidated.

contrast, *Johnson* and *Welch* address *the words used in the very statute* under which Mr. Hall was convicted. In short, Mr. Hall is asking this Court to grant authorization based on the current state of the law under *Johnson* and *Welch*, as opposed to advocating a far-flung elaboration of what the law should be.

### c. The government's attempt to argue the merits is premature and its arguments are wrong in any event.

The government devotes several pages to insisting that Mr. Hall's claim under *Johnson* is meritless, Opp. at 15-20, despite having earlier acknowledged that at this gatekeeping stage, close examination of the merits of a proposed claim for relief is inappropriate. Opp. at 11 ("[T]he merits of a challenge [under *Johnson*] to 924(c)(3)(B) are not before the Court").[5] In any event, the government is mistaken in contending that kidnapping under 18 U.S.C. § 1201(a) necessarily constitutes a crime of violence under the "use-of-force" clause of 18 U.S.C. § 924(c)(3)(A). Opp. at 15. As Mr. Hall explained in his proposed successive § 2255 motion, *see id*. at 12-14 (Section I.B), that determination must be made via the categorical approach, and under the categorical approach, kidnapping does not qualify categorically as a "crime of violence" under the relevant provision because

---

[5] The government asserts in this regard that in evaluating Mr. Hall's motion for authorization, this Court may not consider any decision that was not rendered in a post-conviction proceeding. See Opp. at 11 (declaring that decisions in direct appeal cases or on review of agency determinations are out of bounds, and "cannot support" Mr. Hall's request for authorization). The government unsurprisingly cites no authority for this sweeping contention. Plainly, this Court is entitled, if it chooses, to examine such decisions to inform its view of the scope and substance of the rule announced in *Johnson*, which in turn may have some relevance to the present decision.

it is possible to commit kidnapping through non-violent means such as "inveigling" or "decoy." *Id*. Given that the Court's role at this juncture is limited to deciding whether Mr. Hall has made a *prima facie* case, we will not repeat the argument in detail here. To the extent the Court wishes to consult that argument further, the proposed § 2255 motion is of course before the Court (as Document 00513520984 in this proceeding).

We note that the conclusion that *Johnson* voids Mr. Hall's conviction for violating 18 U.S.C. 924(c) entails the conclusion that Mr. Hall is entitled to the benefit of *Johnson* even though it was decided after his case became final on direct review. The Supreme Court recognized in *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson*, in striking down the residual clause of the Armed Career Criminal Act as void for vagueness and thus invalid as a matter of due process, nevertheless announced a *substantive* rule of constitutional law. A statute thus invalidated "can no longer mandate or authorize *any* sentence," even if that sentence is imposed under "impeccable factfinding procedures." *Welch* 136 S. Ct. at 1265 (citation omitted; emphasis added). "It follows that *Johnson* is a substantive decision," one that "has retroactive effect … in cases on collateral review" like Mr. Hall's. *Id*.

**d. The legal basis for Mr. Hall's motion for authorization is available *today*, and needlessly forcing him to wait would entail a serious risk that he will never have an opportunity to have this claim heard.**

The government encourages the Court to err on the side of refusing authorization, because if it later turns out to have been mistaken in doing so, "Hall may [again] seek this Court's permission to file a successive § 2255 motion." Opp. at 20. But it is unclear whether such a § 2255 motion would be considered timely under 28 U.S.C. § 2255(f)(3), though of course Mr. Hall would certainly have a powerful argument that any new filing should relate back to his current filing and that any otherwise applicable statute of limitations should be tolled. It is also unclear whether such a § 2255 motion might be considered barred by Mr. Hall's having attempted in good faith to present his *Johnson* claim here. *See* 28 U.S.C. § 2244(b)(1). For all these reasons, the present successive § 2255 motion may be Mr. Hall's only chance to raise a *Johnson* claim against his unconstitutional sentence of death.

## CONCLUSION

Mr. Hall has presented a *prima facie* showing of a tenable claim that satisfies all the requirements of § 2255(h)(2). He respectfully requests that this Court grant his motion for authorization.

Respectfully Submitted,

/s/*Robert C. Owen*

**ROBERT C. OWEN**
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611
312-503-0135 voice
312-503-8977 fax
robert.owen@law.northwestern.edu

**MARCIA A. WIDDER**
Louisiana Bar No. 23367
303 Elizabeth Street, NE
Atlanta, GA 30307
404-222-9202 voice
marcy.widder@garesource.org

**NAOMI A. IGRA**
California Bar No. 269065
Sidley Austin, LLP
555 California Street, Suite 2000
San Francisco, CA 94104
415-772-1200 voice
415-772-7400 fax
naomi.igra@sidley.com

# CERTIFICATE OF SERVICE

I certify that this document was filed through the Court's ECF system on June 13, 2016, and that: (1) any required privacy redactions have been made; (2) the electronic submission is an exact copy of the paper document; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses. It has been served through the Court's ECF system upon the following counsel for the government:

Wes Hendrix
Assistant United States Attorney
Chief, Appellate Division
Texas Bar No. 24041086
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: (214) 659-8600
wes.hendrix@usdoj.gov

/s/ *Robert C. Owen*
Robert C. Owen