

**U.S. Department of Justice**
United States Attorney
Northern District of Texas

| | |
|---|---|
| *1100 Commerce St. 3rd Floor* | *Telephone (214) 659-8600* |
| *Dallas, Texas 75242* | *Fax (214) 659-8602* |

June 17, 2016

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA  70130-3408

Re:    *United States v. Orlando Cordia Hall*, No. 16-10670
         Letter pursuant to Fed. R. App. P. 28(j)

Mr. Cayce:

Hall moves for authorization to file a successive 28 U.S.C. § 2255 motion.  He claims that *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act, applies to—and invalidates—the differently worded "crime of violence" definition in 18 U.S.C. § 924(c)(3)(B).  As explained in the government's response, Hall's application fails for multiple reasons. The government's position is supported further by this Court's recent denial of an identical request.

In *In re Fields*, a federal death row prisoner sought authorization to file a successive 2255 motion based on *Johnson*.  Fifth Cir. No. 16-50521.  Like Hall, "Fields [sought] application of *Johnson* to the differently worded 'crime of violence' definition" of Section 924(c)(3)(B).  Order Denying Authorization at 2, Fifth Cir. No. 16-50521 (June 17, 2016).  The Court denied the motion for various reasons:

- Although *Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review, "*Johnson* did not address section 924(c)(3)(B)."  *Id.*

- Courts of appeals are split on whether to grant authorization to file this type of successive, *Johnson*-based 2255 petition, and "[t]his disagreement among lower court judges demonstrates that the Supreme Court has not taken a position on whether *Johnson* applies to section 924(c)(3)(B)."  *Id.*

- Even if *Johnson* applied to section 924(c)(3)(B), "the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review." *Id*. at 2-3.

The Court should reach the same conclusion in this case. Like Fields, Hall is a federal death row inmate claiming *Johnson* applies to section 924(c)(3)(B). And like Fields, Hall cannot meet his burden to show he is entitled to authorization to proceed because (1) *Johnson* did not address section 924(c)(3)(B); (2) disagreement among the courts shows that the Supreme Court has not taken a position; and (3) the Supreme Court certainly has not said whether any such new rule applies retroactively to cases on collateral review. Thus, Hall's motion should be denied.

Respectfully submitted,

JOHN R. PARKER
United States Attorney

*s/ Wes Hendrix*
WES HENDRIX
Assistant United States Attorney

cc:  Robert C. Owen
     (*via* ECF filing)